1  PRACTUS, LLP
   DUANE H. MATHIOWETZ (CA# 111831)
2  201 Spear Street, Suite 1100
   San Francisco, CA 94105
3  Phone: 415-501-0350
   Email: duane.mathiowetz@practus.com
4
   STINSON LLP
5  B. SCOTT EIDSON (Pro Hac Vice)
   JOHN R. SCHROEDER (Pro Hac Vice)
6  JULIE C. SCHEIPETER (Pro Hac Vice)
   JUDITH ARAUJO (Pro Hac Vice)
7  ZACHARY T. BUCHHEIT (Pro Hac Vice)
   7700 Forsyth Blvd., Suite 1100
8  St. Louis, MO 63105
   Phone: 314-863-0800
9  Email: scott.eidson@stinson.com
   Email: john.schroeder@stinson.com
10 Email: julie.scheipeter@stinson.com
   Email: judith.araujo@stinson.com
11 Email: zachary.buchheit@stinson.com

12 Attorneys for Plaintiffs Columbia Insurance Co. and
   MiTek Inc.

13

14                    UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16

| 17 | COLUMBIA INSURANCE CO., and MiTek INC., | Case No. 4:23-cv-02432-YGR |
|---|---|---|
| 18 | | **NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM PURSUANT TO RULE 12(B)(6) AND 35 U.S.C. § 325 (E)(2), AND MOTION TO STRIKE DEFENDANT'S FIRST, THIRD, FOURTH, FIFTH, SIXTH, NINTH, AND TENTH AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** |
| 19 | Plaintiffs, | |
| 20 | v. | |
| 21 | SIMPSON STRONG-TIE COMPANY INC., | |
| 22 | Defendant. | |
| 23 | | |
| 24 | | Date: September 12, 2023<br>Time: 2:00 p.m. |
| 25 | | Courtroom 1, Fourth Floor |

Motion to Dismiss Simpson's Counterclaim and
Motion to Strike Simpson's First, Third, Fourth, Fifth,
Sixth, Ninth, and Tenth Affirmative Defenses

CORE/3512456.2441/183434153.1

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD,

    PLEASE TAKE NOTICE THAT on September 12, 2023 at 2:00 p.m. or as soon thereafter as this matter may be heard, before the Honorable Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Courtroom 1, Fourth Floor, Oakland, California, Plaintiffs Columbia Insurance Co., and MiTek Inc. (collectively "MiTek") will and do hereby move pursuant to 35 U.S.C. § 325 (e)(2) and Federal Rule of Civil Procedure 12(b)(6) to dismiss Defendant Simpson Strong-Tie Company's ("Simpson") Counterclaim for Declaratory Judgment. MiTek further moves pursuant to Federal Rule of Civil Procedure 12(f) to strike Simpson's First, Third, Fourth, Fifth, Sixth, Ninth, and Tenth Affirmative Defenses.

    This motion is based upon this Notice of Motion and Memorandum of Points and Authorities, other papers and pleadings on file, on matters for which judicial notice is taken, and on such additional argument and evidence as may be presented to the Court at or prior to the hearing on this motion.

DATED: July 28, 2023　　　　　　　　　　　　　　　Respectfully submitted,

/s/ Duane Mathiowetz
Duane Mathiowetz (SBN 111831)
Counsel for Defendants

ii

Motion to Dismiss Simpson's Counterclaim and
Motion to Strike Simpson's First, Third, Fourth, Fifth,
Sixth, Ninth, and Tenth Affirmative Defenses

CORE/3512456.2441/183434153.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Simpson's bare-bones Counterclaim fails to set forth any facts, let alone facts sufficient to state a plausible right to relief and survive a motion to dismiss. Although Simpson's pleading deficiencies warrant dismissal of both its First and Second Counterclaims,[1] its deficiencies are even more problematic for Simpson's count challenging the validity of the '867 Patent. Simpson already had *and took* its chance to invalidate the '867 Patent when it petitioned the Patent Trial & Appeals Board ("PTAB") of the United States Patent and Trademark Office for Post Grant Review ("PGR"). In its petition, Simpson challenged each of the claims of the '867 Patent, asserting six different grounds of invalidity. Ultimately, the PTAB upheld the validity of five original claims of the '867 Patent, granted a contingent motion to amend a sixth claim over Simpson's validity challenges, and denied Simpson's requests for a rehearing and Director review. Under the estoppel provision applicable to PGRs, 35 U.S.C. § 325(e)(2), Simpson cannot now take a second shot at invalidating the surviving claims of the '867 Patent—the statute bars Simpson from re-litigating any grounds of invalidity Simpson raised or reasonably could have raised during the PGR proceeding. Because Simpson failed to articulate any facts showing that its present challenge of the '867 Patent falls outside the broad scope of PGR estoppel, Simpson's First Counterclaim fails to raise a right to relief above the speculative level.

Like its Counterclaim, Simpson's First, Third, Fourth, Fifth, Sixth, Ninth, and Tenth Affirmative Defenses set forth no factual matter whatsoever and, as a result, fail to put MiTek on fair notice of the basis of those defenses. These defenses should be stricken pursuant to Rule 12(f).

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (citation omitted). The Court must

---

[1] The counts of Simpson's Counterclaim are called First Counterclaim and Second Counterclaim. The First Counterclaim pertains to U.S. Patent No. 11,021,867 ("the '867 patent"). The Second Counterclaim pertains to U.S. Patent No. 11,649,626 ("the '626 Patent").

1   Motion to Dismiss Simpson's Counterclaim and Motion to Strike Simpson's First, Third, Fourth, Fifth, Sixth, Ninth, and Tenth Affirmative Defenses

CORE/3512456.2441/183434153.1

accept as true all well-pleaded factual allegations but should not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citations omitted).

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The factual allegations taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134-35 (9th Cir. 2014). A plaintiff must plead more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted).

Under Fed. R. Civ. P. 12(f), the court may strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In accordance with Fed. R. Civ. P. 8, an affirmative defense must be pled with the minimal specificity necessary to give the plaintiff "fair notice" of the defense. *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979). In assessing the specificity required to adequately plead an affirmative defense, courts in this District have found that the *Twombly* and *Iqbal* standard applies. "Under this standard, a party need only plead some factual support for its affirmative defense, but the simple listing of a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist is not sufficient." *Illumina, Inc. v. BGI Genomics Co.*, No. 19-CV-03770-WHO, 2020 WL 571030, at *5 (N.D. Cal. Feb. 5, 2020) (internal quotations omitted).

### III.   FACTUAL BACKGROUND

On August 13, 2021, Simpson petitioned the PTAB for Post Grant Review challenging the

2

Motion to Dismiss Simpson's Counterclaim and
Motion to Strike Simpson's First, Third, Fourth, Fifth,
Sixth, Ninth, and Tenth Affirmative Defenses

CORE/3512456.2441/183434153.1

validity of each and every claim of the '867 Patent. EX. 1 (PGR Petition).[2] Simpson's petition for PGR asserted six different grounds of invalidity including grounds under 35 U.S.C §§ 102, 103, 112(a), and 112(b).[3] EX. 1 at 1-2. Simpson's petition for PGR asserted both U.S. and foreign patent documents as prior art, and relied on a number of non-patent references and publications as exhibits. EX. 1 at 1-2, x-xi. Regarding the claims of the '867 Patent that remain enforceable in the present litigation, Simpson specifically asserted that claims 13, 14, 18, 19, and 20 of the '867 Patent were invalid as indefinite under 35 U.S.C. §112(b). Notably, the petition was brought before MiTek asserted the '867 Patent in any proceeding, tying the patent up for nearly two years.

On March 17, 2022, the PTAB instituted post grant review proceedings for the '867 Patent in PGR2021-00109. EX. 2 (PGR Institution Decision). In its Institution Decision, the PTAB principally found that Simpson had met its burden of demonstrating that claims 1–12, 15–17, and 21–23 of the '867 patent were more likely than not invalid, but that Simpson had failed to demonstrate the same regarding claims 13, 14, 18, 19, and 20 of the '867 Patent. EX. 2 at 13, 23, 28, 87. Trial was instituted as to all of the challenges within Simpson's Petition, as required by law, despite the PTAB's adverse finding indicating that Simpson would not prevail on these challenges to claims 13, 14, 18, 19, and 20 of the '867 Patent. EX. 2 at 2-3 ("When instituting post-grant review, the Board will authorize the review to proceed on all of the challenged claims and on all grounds of unpatentability asserted for each claim. 37 C.F.R. § 42.208(a). . . . Accordingly, we institute a post grant review as to all challenged claims of the '867 patent on all grounds raised in the Petition.").

A Final Written Decision was issued in PGR2021-00109 on March 15, 2023, in which the PTAB found that Simpson failed to demonstrate that claims 13, 14, 18, 19, or 20 of the '867 Patent were unpatentable. EX. 3 (PGR Final Written Decision) at 102-103 ("Because we find Petitioner *has not* demonstrated by a preponderance of the evidence that these claims are indefinite (see supra

---

[2] The Post Grant Review of the '867 Patent case caption is *Simpson Strong-Tie Company Inc. v. Columbia Insurance Company*, PGR2021-00109 (P.T.A.B.).

[3] Simpson did not challenge the '867 Patent under 35 U.S.C. § 101.

3

Motion to Dismiss Simpson's Counterclaim and
Motion to Strike Simpson's First, Third, Fourth, Fifth,
Sixth, Ninth, and Tenth Affirmative Defenses

CORE/3512456.2441/183434153.1

Section II.D), these original dependent claims 13, 14, and 18–20 stand.").[4]

Despite having already failed in its first attempt to invalidate claims 13, 14, 18, 19, or 20 of the '867 Patent, Simpson is now once again asserting invalidity of these claims under "at least Sections 101, 102, 103, and/or 12, and one or more sections of Title 37, Code of Federal Regulations" both in its Third Affirmative Defense and its First Counterclaim.

## IV. ARGUMENT

### A. Simpson's Counterclaim for Declaratory Judgment Fails to State a Plausible Claim to Relief.

Simpson's First and Second Counterclaims allege nothing more than that the claims of the '867 Patent and the '626 Patent "are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, including at least Sections 101, 102, 103, and/or 112 and/or one or more sections of Title 37, Code of Federal Regulations." Dkt. 23 at ¶¶ 15 and 18. Neither Counterclaim alleges any facts whatsoever, only the foregoing conclusory assertion of invalidity under all relevant sections of the patent law.

Courts in this district have held that such broad and conclusory allegations are "radically insufficient." *See, e.g., Grid Sys. Corp. v. Texas Instruments, Inc.*, 771 F. Supp. 1033, 1042 (N.D.Cal.1991); *PB Farradyne, Inc. v. Peterson*, No. C 05-03447 SI, 2006 WL 132182, at *3 (N.D. Cal. Jan. 17, 2006) (quoting *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050 (N.D. Cal. 2004); *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11-0671 SI, 2011 WL 3206686, at *6 (N.D. Cal. July 27, 2011) (rejecting view that plaintiffs need not meet heightened pleading requirements for patent invalidity because requiring them to do so would ignore the district's Patent Local Rules); *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, No. C-96-0942 DLJ, 1996 WL 467273, at *3 (N.D. Cal. July 24, 1996) (striking affirmative defense of invalidity). "Effective notice pleading should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related

---

[4] Simpson requested rehearing and Director review of the Final Written Decision. Ex. 4 (Request for Director Review). This request was denied. Ex. 5 (Denial of Director Review). Simpson has appealed the Final Written Decision to the Federal Circuit.

4

Motion to Dismiss Simpson's Counterclaim and
Motion to Strike Simpson's First, Third, Fourth, Fifth,
Sixth, Ninth, and Tenth Affirmative Defenses

CORE/3512456.2441/183434153.1

counter- or cross-claims, and for preparing an appropriate answer." *Qarbon.com Inc.*, 315 F. Supp. 2d at 1051 (quotation omitted). Of course, merely citing a string of statutes does not serve any of those purposes.

Here, Simpson's allegations are virtually identical to those found deficient in *Qarbon.com*, *PB Farradyne*, *Xilinx*, and *Advanced Cardiovascular*. Simpson's Counterclaim fails to articulate the claimed invalidity or provide even the most basic information about its invalidity theories. Without any indication of the basis for Simpson's invalidity claims, MiTek has no ability to assess the strength of the claims or prepare an appropriate answer. *See id.* The mere recitation of *all* relevant patent statutes leaves it to both the Court and MiTek to guess which "one or more" of the sections of Title 35 invalidate the asserted patents. Because Simpson's bare-bones recitation of statutes does not meet the requirements of *Twombly* and *Iqbal*, its Counterclaim fails to state a plausible claim to relief and should be dismissed.

### B. Simpson is estopped from re-litigating the validity of the '867 Patent in this case.

Simpson's failure to articulate any facts in its Counterclaim is especially problematic for its invalidity challenge of the '867 Patent in light of its prior challenge of the same patent in PGR2021-00109. Pursuant to 35 U.S.C. § 325(e)(2), the petitioner in a PGR of a patent claim that results in a final written decision is estopped from asserting in a civil action "that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that post-grant review." 35 U.S.C. § 325(e)(2). A PGR petitioner "reasonably could have raised" in its petition any "invalidity grounds a skilled searcher conducting a diligent search reasonably could have been expected to discover." *Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1298 (Fed. Cir. 2023); *see also Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022).[5] Thus, Simpson is estopped from raising any invalidity grounds in this case that it did raise or that are based on any prior art that a skilled searcher conducting a diligent search reasonably could have been expected to discover. *Intuitive Surgical, Inc. v. Ethicon LLC*, 25 F.4th 1035, 1043 (Fed.

---

[5] 35 U.S.C. § 315(e)(2) provides an estoppel for *inter partes* reviews (IPRs). As both estoppel statutes include the "raised or reasonably could have raised" language, case law interpreting this language in the context of § 315(e)(2) is equally applicable with respect to the post-grant review estoppel under § 325(e)(2).

5

Motion to Dismiss Simpson's Counterclaim and
Motion to Strike Simpson's First, Third, Fourth, Fifth,
Sixth, Ninth, and Tenth Affirmative Defenses

CORE/3512456.2441/183434153.1

Cir. 2022) (IPR [and PGR] estoppel intended to "discourage 'abusive serial challenges to patents'") (citation omitted).

Simpson's First Counterclaim fails to set forth any facts establishing, or even suggesting, that its challenge of the '867 Patent falls outside the broad scope of PGR estoppel. *See, e.g, Parallel Networks Licensing, LLC v. Int'l Bus. Machines Corp.*, No. CV 13-2072 (KAJ), 2017 WL 1045912, at *11 (D. Del. Feb. 22, 2017), aff'd, 721 F. App'x 994 (Fed. Cir. 2018) ("A broad estoppel provision prevents [post grant] review petitioners from raising arguments in federal court that could have been raised during their [PGRs]."). As an initial matter, any challenge under § 101 or § 112 fails on its face as neither ground depends upon any type of searching. A § 101 challenge asserts that the patent covers ineligible subject matter, while a § 112 challenge asserts that the patent specification lacks an adequate written description or that the claims are indefinite. 35 U.S.C. §§ 101, 112. If Simpson believed the '867 Patent was subject to a § 101 challenge, it was required to raise that ground in its PGR. 35 U.S.C. § 325(e)(2). Simpson did not raise a § 101 challenge before the PTAB, although it could have, and is therefore barred from doing so now.

Likewise, because Simpson raised and lost its § 112 challenge before the PTAB, it is estopped from raising it again now. *Id.*; EX. 3 (PGR Final Written Decision) at 20-34. Section 112 challenges are not dependent in any way on prior art.[6] Given this and given the fact that Simpson raised two distinct § 112 grounds against the '867 Patent, Simpson reasonably could have raised any § 112 challenges against the '867 Patent in the PGR.

Simply put, no amount of skilled searching could reveal new § 101 or § 112 grounds—the narrow carve-out for newly discovered prior art is simply inapplicable to these challenges. Simpson cannot overcome estoppel with new invalidity grounds on these bases.

Simpson's failure to support its First Counterclaim with any facts also dooms its purported § 102 and § 103 challenges. Although MiTek anticipates Simpson will argue it has only recently discovered invalidating art that could not have been discovered earlier by a skilled searcher

---

[6] *See*, U.S. Patent & Trademark Office, U.S. Dep't of Commerce, Manual of Patent Examining Procedure §§ 706.02 (prior art), 706.03 (non-prior art) (5th ed. rev. 2 1996); *see also Wimo Labs LLC v. Polyconcept NA, Inc.*, 358 F. Supp. 3d 761, 765 (N.D. Ill. 2019).

6

Motion to Dismiss Simpson's Counterclaim and
Motion to Strike Simpson's First, Third, Fourth, Fifth,
Sixth, Ninth, and Tenth Affirmative Defenses

CORE/3512456.2441/183434153.1

conducting a diligent search, Simpson's pleading is entirely silent on this issue. Simpson does not specifically identify or describe any newly discovered prior art or explain how such prior art invalidates the '867 Patent.[7] Nor does Simpson state, for example, when the art was found, how it was found, or--especially--why it could not have been found by a diligent search before filing its petition for PGR.

Simpson also chose not to explain what searches it performed prior to filing its petition for PGR or discuss the results of those searches. Simpson's failure to address the basic facts that might show its invalidity challenge falls outside the scope of PGR estoppel is fatal to its claim—without some indication that its invalidity challenge is not estopped under 35 U.S.C. § 325(e)(2), Simpson has failed to state a plausible claim to relief. Therefore, its First Counterclaim should be dismissed with prejudice.

### C. Simpson's Affirmative Defenses Do Not Satisfy Rule 8(b)

The majority of Simpson's affirmative defenses suffer the same flaws as its Counterclaim. That is, Simpson's affirmative defenses consist of nothing more than bare conclusions with no supporting facts or explanation of the basis of the defense. As set forth below, these affirmative defenses should be stricken pursuant to Rule 12(f) as insufficient and/or redundant.

   *i.   Simpson's First Affirmative Defense should be stricken.*

Simpson's First Affirmative Defense asserts that Simpson does not infringe and has not infringed any claim of the Patents in Suit. Dkt. 23 at p. 14. This affirmative defense is wholly conclusory, lacking in factual support, and is merely redundant of Simpson's denials of MiTek's infringement allegations. *Zody v. Microsoft Corp.*, No. C-12-00942-YGR, 2013 WL 2468250, at *8 (N.D. Cal. June 7, 2013) ("Denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses.") (citation omitted). As a result, Simpson's First Affirmative Defense should be stricken under Rule 12(f) as insufficient and/or as redundant matter.

---

[7] Even if Simpson can identify a previously unknown reference that satisfies the *Ironburg* standard, the reference cannot merely recite all the claim elements found in the prior, previously known art.

7

Motion to Dismiss Simpson's Counterclaim and
Motion to Strike Simpson's First, Third, Fourth, Fifth,
Sixth, Ninth, and Tenth Affirmative Defenses

CORE/3512456.2441/183434153.1

      *ii.   Simpson's Third Affirmative Defense should be stricken.*

Simpson's Third Affirmative Defense asserts that "The claims of the Patent-in-Suit are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, including at least Sections 101, 102, 103, and/or 112, and one or more sections of Title 37, Code of Federal Regulations." Dkt. 23 at p. 14. This affirmative defense is identical to Simpson's Counterclaim and should be stricken as insufficient for the same reasons Simpson's Counterclaim should be dismissed. *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, No. C-96-0942 DLJ, 1996 WL 467273, at *3 (N.D. Cal. July 24, 1996) ("Since sections 101, 102, 103, and 112 provide numerous grounds for finding a patent invalid, defendant must provide a more specific statement of the basis for this defense in order to give [the plaintiff] fair notice of the claims being asserted."); *see also Grid Systems Corp. v. Texas Instruments Inc.*, 771 F.Supp. 1033 (N.D.Cal.1991) (striking allegations of invalidity as insufficient under Rule 8(b)). Further, Simpson's Third Affirmative Defense, as pled, necessarily violates 35 U.S.C. § 325(e)(2) and amounts to an end-run around that estoppel provision. For both of these reasons, the Third Affirmative Defense must be stricken.

      *iii.   Simpson's Fourth, Ninth, and Tenth Affirmative Defenses should be stricken.*

Simpson's Fourth Affirmative Defense is that MiTek's Complaint fails to state a claim upon which relief can be granted. Dkt. 23 at p. 14. Likewise, Simpson's Ninth Affirmative Defense asserts that MiTek's Complaint fails to state a claim that could support an award of attorney's fees, and its Tenth Affirmative Defense asserts that the Complaint fails to state a claim that could support an award of enhanced damages. Dkt. 23 at p. 15. Failure to state a claim is not an affirmative defense but rather alleges a defect in the plaintiff's claim. *LL B Sheet 1, LLC v. Loskutoff*, 362 F. Supp. 3d 804, 818 (N.D. Cal. 2019); *Illumina, Inc. v. BGI Genomics Co.*, No. 19-CV-03770-WHO, 2020 WL 571030, at *6 (N.D. Cal. Feb. 5, 2020). Moreover, these affirmative defenses are conclusory and do not give MiTek fair notice of the bases of the defenses. As a result, Simpson's Fourth, Ninth, and Tenth Affirmative Defenses should be stricken.

      *iv.   Simpson's Fifth Affirmative Defense should be stricken.*

Simpson's Fifth Affirmative Defense asserts that MiTek's Complaint is barred by the

8

Motion to Dismiss Simpson's Counterclaim and
Motion to Strike Simpson's First, Third, Fourth, Fifth,
Sixth, Ninth, and Tenth Affirmative Defenses

CORE/3512456.2441/183434153.1

doctrine of laches. Dkt. 23 at p. 14. The Supreme Court has held that laches does not apply to claims for damages under the Patent Act because the Patent Act has an explicit six-year limitation period. *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 580 U.S. 328, 346 (2017). Because the doctrine of laches is inapplicable here, Simpson's Fifth Affirmative Defense should be stricken.

   v. *Simpson's Sixth Affirmative Defense should be stricken.*

Simpson's Sixth Affirmative Defense is that MiTek's claim for patent infringement is barred because "Simpson's actions were reasonable, privileged, and justified." Dkt. 23 at p. 15. Simpson provides no factual support or legal theory for this defense, nor any explanation of how the "reasonable," "privileged," or "justified" nature of its actions are legally relevant or could bar MiTek's claims. There is no body of law that is identified or identifiable to support this defense in this litigation. This conclusory statement wholly fails to put MiTek on fair notice of either the factual or legal basis for Simpson's defense and, as a result, should be stricken as insufficient. *Illumina, Inc.*, No. 19-CV-03770-WHO, at *5.

   vi. *Simpson's Seventh Affirmative Defense should be stricken.*

Simpson's Sixth Affirmative Defense provides that MiTek would be unjustly enriched if it were to recover any damages from Simpson. Dkt. 23 at p.15. It is unclear under what legal basis the equitable remedy of unjust enrichment can serve as an affirmative defense to MiTek's infringement claims. In any event, Simpson once again provides no factual support for this defense and therefore fails to put MiTek on fair notice of the basis of the defense. Simpson's Sixth Affirmative Defense should be stricken. *Illumina, Inc.*, 2020 WL 571030, at *5.

## CONCLUSION

Simpson elected to challenge the '867 Patent via a Post Grant Review before the PTAB and its petition failed entirely as to the five claims at issue in this case. By tying up the asserted claims of the '867 Patent for nearly two years via the PGR, Simpson has already prevented MiTek from its ability to assert the upheld and valid claims. Simpson must now face the consequences

Motion to Dismiss Simpson's Counterclaim and
Motion to Strike Simpson's First, Third, Fourth, Fifth,
Sixth, Ninth, and Tenth Affirmative Defenses

CORE/3512456.2441/183434153.1

of its choice to file a petition that failed against those claims, and it cannot be allowed a second bite at the apple in violation of the AIA.

At the very least, Simpson must withdraw its challenges based on § 101 and § 112, as Simpson has exhausted all opportunities for challenges on those bases. Further Simpson should be required to amend its Counterclaim with sufficient factual content showing how its invalidity challenge under § 102 and § 103 is not estopped by 35 U.S.C. § 325(e)(2).

Finally, Simpson's Affirmative Defenses that fail to articulate any factual or legal basis should be stricken pursuant to Rule 12(f).

Dated: July 28, 2023

Respectfully submitted,

By: /s/ Duane H. Mathiowetz

Duane H. Mathiowetz (CA# 111831)
PRACTUS, LLP 201 Spear Street, Suite 1100
San Francisco, CA 94105
Phone: 415-501-0350
Email: duane.mathiowetz@practus.com

B. Scott Eidson (Pro Hac Vice)
John R. Schroeder (Pro Hac Vice)
Julie C. Scheipeter (Pro Hac Vice)
Judith Araujo (Pro Hac Vice)
Zachary T. Buchheit (Pro Hac Vice)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Phone: 314-863-0800
Email: scott.eidson@stinson.com
Email: john.schroeder@stinson.com
Email: julie.scheipeter@stinson.com
Email: judith.araujo@stinson.com
Email: zachary.buchheit@stinson.com

10

Motion to Dismiss Simpson's Counterclaim and
Motion to Strike Simpson's First, Third, Fourth, Fifth,
Sixth, Ninth, and Tenth Affirmative Defenses

CORE/3512456.2441/183434153.1