1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT
8                          NORTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| COLUMBIA INSURANCE CO. and MITEK INC., <br><br> Plaintiffs, <br><br> v. <br><br> SIMPSON STRONG-TIE COMPANY INC., <br><br> Defendant. | Case Number: 4:23-cv-02432-YGR <br><br> **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** <br><br> Date:  August 21, 2023 <br> Time:  2:00 p.m. <br> ZOOM Webinar Video Conference |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1.      Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This is an action for infringement of U.S. Patent No. 11,021,867 ("the '867 Patent") and U.S. Patent No. 11,649,626 ("the '626 Patent") under 35 U.S.C. § 271.  The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1400(b) because Simpson has committed acts of infringement and has a

Page **1** of **17**

*Columbia Insurance, Co. et al. v. Simpson Strong-Tie Company, Inc.*, Case No. 4:23-cv-02432-YGR          Joint Case Management Statement

regular and established place of business in this District. Defendant Simpson Strong-Tie Company Inc. ("Simpson" or "Defendant") agrees that this Court has subject matter jurisdiction.

Defendant has been served.  Plaintiffs do not anticipate filing against and serving any other parties in this action, although they reserve the right to do so.

2.     Facts
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

On June 1, 2021, the United States Patent and Trademark Office duly and legally issued the '867 Patent, entitled "Hanger for Fire Separation Wall."  A Certificate of Correction for the '867 Patent issued on December 28, 2021.  Likewise, on May 16, 2023, the United States Patent and Trademark Office duly and legally issued the '626 Patent, entitled "Hanger for Fire Separation Wall."

Columbia is the owner of the '867 and '626 Patents and holds all rights to sue for past, present, and future infringement of the '867 and '626 Patents.  MiTek is the exclusive licensee of the '867 and '626 Patents.

The '867 and '626 Patents pertain to hangers that are used for connecting structural components (e.g., trusses, joists, or beams) to walls, and more particularly to fire-separation walls. Plaintiff MiTek designs, manufactures, markets, and sells structural connectors, including fire wall hangers, for the construction industry. The invention claimed in the '867 and '626 Patents are embodied in MiTek's FWH Series Firewall Hanger (the "FWH Hangers").

Defendant Simpson is a direct competitor of MiTek. Prior to and at least up until the commencement of the present lawsuit, Simpson manufactured and sold two series of fire wall hangers: the DGF series and the DHU series. The DGF series includes three different models—DGF, DGHF, and DGBF, as well as skewed and offset versions of these models (collectively the "DGF Series Hangers")—which directly compete against MiTek's FWH Hanger.  In June 2023—after the complaint was filed—Simpson began manufacturing and selling a new series of Fire Wall Hangers, the "DGT Series Hangers," along with the DHU and DGF Series Hangers.

Simpson is currently in the process of phasing out sales of the DGF Series Hangers, but continues to believe that the DGF Series Hangers do not infringe any valid claim of the '867 Patent, the '626 Patent, or any other patent owned by Plaintiffs, and Simpson reserves the right to continue to sell the DGF Series Hangers in the future.

Simpson filed a Petition for Post Grant Review of the '867 Patent ("PGR2021-00109") on August 13, 2021. In its Petition, Simpson asserted six different grounds of invalidity. Of the different grounds of invalidity, only a single ground—an indefiniteness challenge under 35 U.S.C. §112(b)—was directed at the validity of claims 13, 14, 18, 19, and 20 of the '867 Patent. On March 17, 2022, the Patent Trial and Appeal Board of the U.S. Patent Office ("the PTAB") instituted post grant review proceedings for the '867 Patent in PGR2021-00109. In the Institution Decision, the PTAB preliminarily found that Simpson failed to demonstrate that it was more likely than not that claims 13, 14, 18, 19, and 20 were invalid pursuant to Simpson's invalidity challenge.

A Final Written Decision was issued in PGR2021-00109 on March 15, 2023 (the "'867 Decision"), in which the PTAB found that (1) eighteen of the twenty-three original claims of the '867 Patent were unpatentable and (2) Simpson failed to demonstrate that claims 13, 14, 18, 19, and 20 of the '867 Patent were unpatentable. Simpson is actively appealing the '867 Decision to the Federal Circuit Court of Appeals.

Plaintiffs contend that claims 13, 14, 18, 19, and 20 of the '867 Patent and at least claim 1 of the '626 Patent cover Simpson's DGF Series Hangers, and that at least claim 18 of the '867 Patent covers Simpson's DGT Series Hanger. Plaintiffs seek a finding of infringement under 35 U.S.C. § 271(a). Plaintiffs intend to seek an award of compensatory damages under 35 U.S.C. § 284 and injunctive relief.

Simpson contends that none of the DGF Series Hangers or the DGT Series Hangers infringe a valid patent claim. Simpson further contends that Plaintiffs' assertion that claim 18 of the '867 Patent covers the DGT Series Hangers has evidentiary support and/or is warranted

Page **3** of **17**

*Columbia Insurance, Co. et al. v. Simpson Strong-Tie Company, Inc.*, Case No. 4:23-cv-02432-YGR          Joint Case Management Statement

by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Simpson will oppose Plaintiffs' request for an award of compensatory damages under 35 U.S.C. § 284 and Plaintiff's request for injunctive relief.

Simpson seeks declaratory judgment that the '867 and '626 Patents are invalid. Plaintiffs contend that by virtue of Simpson petitioning that the claims were invalid in a post grant review that resulted in a final written decision, Simpson is estopped under 35 U.S.C. § 325(e) from challenging the validity of claims 13, 14, 18, 19, and 20 of the '867 Patent on any ground that Simpson raised or reasonably could have raised during PGR2021-00109. Not withstanding this estoppel, Defendant Simpson contends that claims 13, 14, 18, 19, and 20 of the '867 Patent are invalid based on prior art that was not found in any of the reasonable and diligent prior art searches that were conducted prior to the issuance of the Final Written Decision by the PTAB, which prior art was not considered by the PTAB.

Simpson plans to file three Petitions for Post Grant Review of all claims of the '626 Patent during the week of August 14, 2023. Shortly thereafter, Simpson plans to file a Motion to Stay this action pending final resolution, through appeal, of the Post Grant Review of both the '867 Patent and the '626 Patent. Simpson's argument in support of a stay is set forth in detail in its Motion, but, in short, Simpson believes that a stay has an extremely high likelihood of significantly simplifying the issues in question and trial of this case, while not unduly prejudicing Plaintiffs, who themselves chose to wait to assert the '867 Patent until now. Plaintiffs contend that they prudently allowed Simpson's Post Grant Review of the '867 Patent to conclude prior to filing the present lawsuit. Plaintiffs further contend that the validity of the asserted claims of the '867 Patent has now been decided by the PTAB in Plaintiffs' favor in a Final Written Decision—a result that is unlikely to be overturned on appeal. Having already been delayed nearly two-years in asserting the '867 Patent as a result of the Post Grant Review of the '867 Patent, any further delay is unwarranted. Plaintiffs oppose staying the litigation pending Simpson's appeal of the PGR2021-00109 or challenge to the '626 Patent.

Page **4** of **17**

*Columbia Insurance, Co. et al. v. Simpson Strong-Tie Company, Inc.*, Case No. 4:23-cv-02432-YGR          Joint Case Management Statement

3. Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiffs' Legal Issues

    a) Resolution of any claim construction disputes.

    b) Whether Simpson's DGF Series Hangers infringe the '867 Patent under 35 U.S.C. § 271(a).

    c) Whether Simpson's DGT Series Hangers infringe the '867 Patent under 35 U.S.C. § 271(a).

    d) Whether Simpson's DGF Series Hangers infringe the '626 Patent under 35 U.S.C. § 271(a).

    e) The amount of proper compensatory damages under 35 U.S.C. § 284.

    f) Whether Simpson's manufacture and sale of the DGF and DGT Series Hangers constitutes willful infringement and entitles Plaintiffs to trebled damages and an award of their reasonable attorney's fees and expenses in this action.

    g) Whether Plaintiffs are entitled to an injunction preventing Simpson's continued infringement of the '867 and/or '626 Patents.

    h) Whether the case is exceptional pursuant to 35 U.S.C. § 285.

    i) To the extent that Simpson raises any invalidity arguments regarding the '867 Patent, whether such arguments are estopped pursuant to 35 U.S.C. § 325(e)(2).

    j) Resolution of any asserted legal issues by Defendant (e.g. affirmative defenses and counterclaims).

Defendant's Legal Issues:

    a) Whether the case filed by Plaintiffs in August 2019 -- *Columbia Insurance Co. and MiTek, Inc. v. Simpson Strong-Tie Company Inc.*, 3-19-cv-04683 (N.D. Cal.) (the "First Action") -- is a related case under Local Rule 3-12(a).

b) Whether this action should be stayed pending final resolution, through appeal, of the Post Grant Review of both the '867 Patent and the '626 Patent.

c) Whether, if a stay is not granted, this case and the First Action should be consolidated or coordinated for discovery and trial.

d) Resolution of any claim construction disputes (which issue would only arise, if a stay has been granted, after the stay is ultimately lifted, and if at least one of the asserted claims of either the '867 Patent or the '626 Patent has been found patentable).

e) Whether any claim of the '867 Patent or the '626 Patent is invalid under 35 U.S.C. §§ 102, or 103, based on any ground other than one that Simpson raised or reasonably could have raised during the Post Grant Review proceedings (which issue would only arise, if a stay has been granted, after the stay is ultimately lifted, and if at least one of the asserted claims of either the '867 Patent or the '626 Patent has been found patentable).

f) Whether Defendant has infringed any valid claim the '867 Patent or the '626 Patent (which issue would only arise, if a stay has been granted, after the stay is ultimately lifted, and if at least one of the asserted claims of either the '867 Patent or the '626 Patent has been found patentable).

g) If Simpson is found to infringe any valid claim of the '867 Patent or the '626 Patent, whether Plaintiffs are entitled to recover any compensatory damages under 35 U.S.C. § 284 and, if so, the amount of such damages.

h) If Simpson is found to infringe any valid claim of the '867 Patent or the '626 Patent, whether such infringement constitutes willful infringement and entitles Plaintiffs to trebled damages and an award of their reasonable attorney's fees and expenses in this action.

i) If Simpson is found to infringe any valid claim of the '867 Patent or the '626 Patent, whether Plaintiffs are entitled to permanent injunctive relief under 35 U.S.C. § 283.

j) Whether the case is exceptional pursuant to 35 U.S.C. § 285.

k) Resolution of any affirmative defenses and counterclaims asserted by Defendant in

response to the Complaint filed by Plaintiffs.

4.  Motions
*All prior and pending motions, their current status, and any anticipated motions.*

On July 29, 2023, Plaintiffs filed a Motion to Dismiss Simpson's Counterclaim and Motion to Strike Simpson's First, Third, Fourth, Fifth, Sixth, Ninth, and Tenth Affirmative Defenses. On August 10, 2023, Simpson filed an Amended Answer, Affirmative Defenses, and Counterclaim, and Plaintiffs withdrew the Motion.

Defendant plans to file a Motion to Stay this action pending final resolution, through appeal, of the Post Grant Review of both the '867 Patent and the '626 Patent.

The Parties anticipate filing other motions. Plaintiff and Defendant each respectively anticipate filing motions, at the appropriate time, for summary judgment/adjudication and possibly *Daubert* motions and other motions in *limine* before trial. Plaintiff will also seek injunctive relief.

5.  Amendment of Pleadings
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Plaintiffs filed its Complaint asserting the '867 and '626 Patents on May 17, 2023. In June 2023—after the complaint was filed—Simpson began manufacturing and selling its new DGT Series Hangers of fire wall hangers, along with the DHU and DGF Series Hangers. Plaintiffs contend that it should be unnecessary for them to amend their Complaint to specifically identify the newly issued DGT Series Hangers as accused products. Instead, Plaintiffs have put Defendant on notice of their claims of infringement pertaining to the new DGT Series Hangers and will further articulate their infringement position pertaining to the

new DGT Series Hangers as part of its Infringement Contentions in accordance with the Local Patent Rules.

Defendant contends that the operative complaint only identifies the DGF Series Hangers as the accused products, that the DGT Series Hangers are a distinct product line, that the only notice Plaintiffs have provided is by virtue of this Joint Case Management Statement and communications regarding it, that Plaintiffs should thus be required to file an amended complaint identifying the DGT Series Hangers as accused products and specifying the claims allegedly infringed by the DGT Series Hangers, and that Defendant would stipulate to allow Plaintiffs to file such an amended complaint.

Should the Court believe that identifying the DGT Series Hangers within the Infringement Contentions pursuant to the Local Patent Rules is insufficient to put Simpson on notice regarding Plaintiffs' infringement allegations pertaining to the new product, Plaintiffs will amend the Complaint within 7 days after the Rule 16 conference has concluded.

6. Evidence Preservation
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  The parties anticipate stipulating to an ESI Order that governs their obligations for producing such information.

7. Disclosures
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.  For ADA and employment cases, see General Order Nos. 56 and 71.*

The Parties do not propose any modification of the timing to exchange Initial Disclosures and anticipate exchanging the Initial Disclosures within 14 days of the Rule 26(f) conference pursuant to Fed. R. Civ. P 26(C).

Simpson proposed delaying the parties' respective deadlines, including the exchange of Initial Disclosures and Plaintiffs' Infringement Contentions, until the Court has decided the Motion to Stay, but Plaintiffs did not accept this proposal.

The parties therefore intend to exchange Initial Disclosures and meet all non-objectionable discovery obligations in the timeframes proscribed by the Federal Rules of Civil Procedure and Local Patent Rules, unless this Court orders to the contrary.

8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

Plaintiffs served its first sets of requests for production of documents and interrogatories on August 9, 2023. The Parties anticipate serving further requests for admissions, requests for production of documents, interrogatories, and requests for deposition on each other.  The Parties anticipate some third-party discovery may be necessary.  The Parties also anticipate expert discovery, including depositions. The Parties do not propose any limitations or modifications of the discovery rules at this time. The Parties agree that a protective order is appropriate and should be entered by the Court before any documents are produced, and intend to submit a proposed order to the Court.

9. Class Actions

*If a class action, a proposal for how and when the class will be certified.*

This case is not a class action.

10. Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Simpson and Columbia were parties to Post Grant Review proceeding *Simpson Strong-Tie Company Inc. v. Columbia Insurance Company*, PGR2021-00109 (PTAB) in which Simpson challenged the validity of each claim of the '867 Patent. Simpson is appealing the Final Written Decision from PGR2021-00109 in *Strong-Tie Company Inc. v. Columbia Insurance Company*, Case No. 23-1944 currently pending before the Federal Circuit Court of Appeals.

Simpson and Columbia will also be parties to another Post-Grant Review proceeding, which, as discussed above, Simpson plans to file the week of August 14, 2023, in which Simpson is challenging the validity of each claim of the '626 Patent.

The Parties are also involved in additional patent litigation regarding the DGF Series Hangers, asserting a patent that is the parent of the '867 Patent and the grandparent of the '626 patent, in this district: *Columbia Insurance Co. and MiTek, Inc. v. Simpson Strong-Tie Company Inc.*, 3-19-cv-04683 (N.D. Cal.).

The Parties are involved, or have been involved, in unrelated litigation in this district, including the following two cases: *Simpson Strong-Tie Company Inc. v. United Steel Products Company, d/b/a USP Structural Connectors*, Case No. 3:13-CV-01644-EDL (N.D. Cal.) (filed 4/11/2013; closed 2/24/2014); *and Simpson Strong-Tie Company Inc.*, *v. MiTek, Inc.*, Case No. 5:20-cv-06957-VKD (N.D. Cal.) (filed 10/6/2020).

11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff seeks:

a) permanent injunctive relief against direct or indirect infringement of any claim of the '867 and '626 Patents;

b) compensatory damages to under 35 U.S.C. § 284 under the theories of lost profits and/or a reasonable royalty, price erosion, and convoyed sales;

c) treble damages pursuant to 35 U.S.C. § 284;

d) award to Plaintiffs of their reasonable attorneys' fees and expenses in this action pursuant to 35 U.S.C. § 285;

e) pre-judgment and post-judgment interest; and

f) other and further relief as the Court deems just and proper.

Defendant seeks:

a) A declaration that the claims of the '867 Patent and '626 Patent are invalid under 35 U.S.C. §§ 102 or 103;

b) An order enjoining Plaintiffs, its officers, agents, servants, employees, attorneys, and representative, and any successors and assigns thereof, from charging or asserting infringement of any claim of the '867 Patent or the '626 Patent against Simpson or anyone in privity with Simpson;

c) A declaration that Plaintiffs take nothing by way of their Complaint and that said Complaint be ordered dismissed;

d) An award to Simpson of its reasonable attorney's fees and costs; and

e) Other and further relief as the Court deems just and proper.

12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The Parties previously engaged in lengthy settlement discussions, both oral and written, in 2021 and 2022 relating to the alleged infringement of the '867 Patent and the '510 Patent (the parent to the '867 Patent and the grandparent to the '626 Patent). The Parties have also previously attended private mediation with respect to *Simpson Strong-Tie Company Inc., v. MiTek, Inc.*, Case

Page **11** of **17**

*Columbia Insurance, Co. et al. v. Simpson Strong-Tie Company, Inc.*, Case No. 4:23-cv-02432-YGR      Joint Case Management Statement

No. 5:20-cv-06957-VKD (N.D. Cal.), in which the patent disputes at issue in this litigation were discussed but not resolved. The Parties are amenable to attending another private mediation.

13. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case, and discuss how resolution of these issues may be expedited.*

The Parties agree that this case may be suitable for stipulated facts at trial, but agree it is too early to agree to any such facts at this point.

15. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe this matter is appropriate for the Expedited Trial Procedure of General Order 64.

16. Scheduling

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The Parties propose the following schedule for this case, subject to Simpson's Motion to Stay and the Court's approval:

- Initial disclosure deadline: August 21, 2023 (14 days after the Rule 26(f) conference).
- Deadline to amend the Complaint: August 28, 2023.

- Deadline to Answer the Amended Complaint:  21 days after the Amended Complaint is filed.
- Disclosure of Asserted Claims and Infringement Contentions:  September 5, 2023 (14 days after the Initial Case Management Conference).
- Disclosure of Invalidity Contentions: October 20, 2023 (45 days plus the weekend after service of the Disclosure of Asserted Claims and Infringement Contentions).
- Disclosure of Damages Contentions: December 11, 2023 (50 days after service of the Invalidity Contentions).
- Disclosure of Responsive Damages Contentions: January 10, 2024 (30 days after service of the Damages Contentions).
- Exchange of Proposed Terms for Construction: November 3, 2023 (14 days after service of the Invalidity Contentions).
- Exchange of Preliminary Claim Constructions and Extrinsic Evidence: November 27, 2023 (21 days after the exchange of the lists).
- Joint Claim Construction and Prehearing Statement and Expert Reports: December 19, 2023 (60 days after service of the "Invalidity Contentions").
- Completion of Claim Construction Discovery: January 18, 2024 (30 days after service and filing of the Joint Claim Construction and Prehearing Statement).
- Deadline for Plaintiffs to file Opening Claim Construction Brief: February 2, 2024 (45 days after service and filing of the Joint Claim Construction and Prehearing Statement).
- Deadline for Defendant to file Responsive Claim Construction Brief: February 16, 2024 (14 days after service upon of opening claim construction brief).
- Deadline for Plaintiffs to file Claim Construction Reply Brief: February 23, 2024

(7 days after service and filing of the Joint Claim Construction and Prehearing Statement).

- Claim Construction Hearing: Subject to the convenience of the Court's calendar, two weeks following submission of the Claim Construction Reply Brief.
- Deadline for party relying on advice of counsel to make Local Patent Rule 3-7 disclosures: 30 days after service by the Court of its Claim Construction Ruling.
- Close of fact discovery: August 21, 2024 (12 months after the Initial Case Management Conference).
- Deadline to disclose the identity of experts and initial reports on which the party bears the burden of proof: September 23, 2024 (13 months after the Initial Case Management Conference).
- Deadline to disclose the identity of rebuttal experts and rebuttal reports: October 21, 2024 (14 months after the Initial Case Management Conference).
- Close of expert discovery: November 21, 2024 (15 months after the Initial Case Management Conference).
- Deadline to file dispositive motions: December 20, 2024 (16 months after the Initial Case Management Conference).
- Deadline to file opposition to dispositive motions: January 10, 2025 (21 days after the dispositive motion is filed).
- Deadline to file reply to opposition to dispositive motions: January 24, 2025 (14 days after the opposition to the dispositive motion is filed).
- Hearing on dispositive motions: Subject to the convenience of the Court's calendar, two weeks following submission of the reply to opposition to dispositive motions.
- Pretrial conference: After March 21, 2025, subject to the convenience of the Court's calendar (19 months after the Initial Case Management Conference).

- Trial: After April 21, 2025, subject to the convenience of the Court's calendar (20 months after the Initial Case Management Conference).

17. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The Parties anticipate the trial will last approximately 5-7 days. Plaintiff has requested a jury trial.

18. Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

The Parties have each filed their "Certification of Interest Entities or Persons" required by Civil Local Rule 3-15. Plaintiff Columbia Insurance Co. identified itself as BH Columbia, Inc., which is a subsidiary of Berkshire Hathaway Inc. Plaintiff MiTek Inc. identified itself as a subsidiary of MiTek Holdings, Inc., which is a subsidiary of MiTek Industries, Inc., which is a subsidiary of Berkshire Hathaway Inc. Defendant identified itself as a subsidiary of Simpson Manufacturing Co., Inc.

19. Professional Conduct

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The Parties agree that service of pleadings, discovery, and other materials in this case shall be by email to all counsel of record in this case.

The Parties agree that responses to requests for production, requests for admission, and interrogatories shall be due 30 days from the date of email service.

Dated: August 14, 2023

*/s/ Duane H. Mathiowetz*

PRACTUS, LLP
DUANE H. MATHIOWETZ (CA# 111831)
201 Spear Street, Suite 1100
San Francisco, CA 94105
Phone: 415-501-0350
Email: duane.mathiowetz@practus.com

STINSON LLP
B. SCOTT EIDSON (Pro Hac Vice TBF)
JOHN R. SCHROEDER (Pro Hac Vice TBF)
JULIE C. SCHEIPETER (Pro Hac Vice TBF)
JUDITH ARAUJO (Pro Hac Vice TBF)
ZACHARY T. BUCHHEIT (Pro Hac Vice TBF)
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Phone: 314-863-0800
Email: scott.eidson@stinson.com
Email: john.schroeder@stinson.com
Email: julie.scheipeter@stinson.com
Email: judith.araujo@stinson.com
Email: zachary.buchheit@stinson.com

Attorneys for Plaintiffs Columbia Insurance Co. and MiTek Inc.

Dated: August 14, 2023

*/s/ Joseph V. Mauch*

SHARTSIS FRIESE LLP
JOSEPH V. MAUCH (Bar #253693)
jmauch@sflaw.com
DANIEL M. PONIATOWSKI (Bar #306754)
dponiatowski@sflaw.com
One Maritime Plaza, Eighteenth Floor
San Francisco, CA  94111-3598
Telephone:     (415) 421-6500
Facsimile:      (415) 421-2922

Attorneys for Defendant
SIMPSON STRONG-TIE COMPANY INC.

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated:

UNITED STATES  DISTRICT COURTJUDGE