PRACTUS, LLP
DUANE H. MATHIOWETZ (CA# 111831)
201 Spear Street, Suite 1100
San Francisco, CA 94105
Phone: 415-501-0350
Email: duane.mathiowetz@practus.com

STINSON LLP
B. SCOTT EIDSON (Pro Hac Vice)
JOHN R. SCHROEDER (Pro Hac Vice)
JULIE C. SCHEIPETER (Pro Hac Vice)
JUDITH ARAUJO (Pro Hac Vice)
ZACHARY T. BUCHHEIT (Pro Hac Vice)
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Phone: 314-863-0800
Email: scott.eidson@stinson.com
Email: john.schroeder@stinson.com
Email: julie.scheipeter@stinson.com
Email: judith.araujo@stinson.com
Email: zachary.buchheit@stinson.com

Attorneys for Plaintiffs Columbia Insurance Co. and
MiTek Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA INSURANCE, CO., and MiTek INC.,<br><br><br>               Plaintiffs,<br><br>      v.<br><br>SIMPSON STRONG-TIE COMPANY INC.,<br><br>           Defendant.<br><br>_____<br><br>AND RELATED COUNTERCLAIM | Case No. 4:23-cv-02432-PCP<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT TO DISMISS  COUNT II ASSERTING INFRINGEMENT OF U.S. PATENT NO. 11,649,626**<br><br>Date:  November 30. 2023<br>Time:  10:00 a.m.<br>Courtroom:  8 |

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 30, 2023 at 10:00 a.m. in the above Court located at 280 South First Street, San Jose, California, Plaintiffs Columbia Insurance Co. and MiTek Inc. (collectively, "Plaintiffs") will and hereby do move the Court for leave to file an Amended Complaint, dismissing Count II of the Complaint asserting infringement of U.S. Patent No. 11,649,626 without prejudice. This Motion is based on this Notice, the following Memorandum of Points and Authorities, the Declaration of R. Scott Eidson, submitted concurrently herewith, as well as any additional matters this Court may or must rely on or judicially notice.

Dated: October 17, 2023

Respectfully submitted,

By: /s/ Duane H. Mathiowetz

Duane H. Mathiowetz (CA# 111831)
PRACTUS, LLP 201 Spear Street, Suite 1100
San Francisco, CA 94105
Phone: 415-501-0350

B. Scott Eidson (Pro Hac Vice)
John R. Schroeder (Pro Hac Vice)
Julie C. Scheipeter (Pro Hac Vice)
Judith Araujo (Pro Hac Vice)
Zachary T. Buchheit (Pro Hac Vice)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Phone: 314-863-0800

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Columbia Insurance Co. ("Columbia") and MiTek Inc. ("MiTek") (collectively "Plaintiffs"), by and through their undersigned attorneys, hereby respectfully request the Court grant them permission to amend their Complaint pursuant to Federal Rule of Civil Procedure Rule 15(a)(2) by: (1) withdrawing Count II of the currently operative Complaint asserting U.S. Patent No. 11,649,626 and (2) adding Simpson's new product line to the allegations—which Simpson requests be included in the Complaint despite being identified through MiTek's infringement contentions. A clean copy of the proposed Amended Complaint for Patent Infringement is attached hereto as **Exhibit A**, and a redline version comparing the proposed Amended Complaint for Patent Infringement to the currently operative Complaint for Patent Infringement is attached hereto as **Exhibit B.**[1]

## I.    BACKGROUND

Plaintiffs filed their Complaint (ECF No. 1) asserting that Defendant Simpson Strong-Tie Company Inc. ("Simpson") infringes U.S. Patent No. 11,021,867 ("the '867 Patent") (Count I) and U.S. Patent No. 11,649,626 ("the '626 Patent") (Count II) on May 17, 2013. Simpson filed its Answer, Affirmative Defenses, and Counterclaim to Complaint for Patent Infringement (ECF No. 23) on July 7, 2023, and its First Amended Answer, Affirmative Defenses, and Counterclaim to Complaint for Patent Infringement (ECF No. 34) on August 10, 2023.

Plaintiffs' proposed Amended Complaint will assert infringement of only the '867 Patent. Prior to this lawsuit, Simpson had challenged the validity of every claim of the '867 Patent in a Post Grant Review ("PGR") proceeding before the Patent Trial and Appeal Board ("PTAB")— *Simpson Strong-Tie Company Inc. v Columbia Insurance Company*, PGR2021-00109 ("PGR2021-00109"). A Final Written Decision was issued in PGR2021-00109 on March 15, 2023, (the "'867 Decision") in which the PTAB found that Simpson failed to demonstrate that claims 13, 14, 18, 19, and 20 of the '867 Patent (the "Asserted Claims of the '867 Patent") were

---

[1] The exhibits to the Proposed Amended Complaint remain the same as those attached to the original Complaint <u>except</u> that Exhibit C, a copy of the '626 patent, has been deleted.

Plaintiffs' Motion To Amend Complaint to Dismiss
Count II Asserting Infringement of the '626 Patent

CORE/3512456.2441/184962456.1

1   unpatentable. Simpson is appealing the '867 Decision.[2]

2       The '626 Patent issued on May 16, 2023—the day prior to Plaintiffs filing of their

3   Complaint (ECF No. 1). Prior to and at least up until the commencement of the present lawsuit,

4   Simpson manufactured and sold two series of fire wall hangers—the DGF series and the DHU

5   series.  In their Complaint, Plaintiffs only identified the DGF series hangers as the infringing

6   products.

7       In June 2023, after the Complaint was filed, Simpson introduced a new series of Fire Wall

8   Hangers—the DGT series hangers—and, according to Simpson, it has begun phasing out sales of

9   the DGF series hangers. *See* Supplemental Joint Case Management Statement (ECF No. 50) at 2.

10  Plaintiffs assert that Simpson's new DGT series hangers infringe the '867 Patent and identified the

11  DGT series hangers in their infringement contentions.  Nevertheless, Simpson contends that

12  Plaintiffs should be required to file an amended complaint specifically identifying the DGT series

13  hangers as accused products. ECF 50 at 5.

14      On August 17, 2023, Simpson filed three petitions for PGR before the PTAB collectively

15  challenging the validity of each claim of the '626 Patent (collectively the "'626 Patent PGRs").

16  Also on August 17, 2023, Simpson filed a Motion to Stay this action pending resolution of its

17  appeal of the '867 Decision and the '626 Patent PGRs. ECF Nos. 37 and 38. Plaintiffs opposed the

18  Motion to Stay and a hearing on the Motion to Stay was held on October 3, 2023, in which the

19  Court took the motion under submission. *See* ECF No. 53.

20       In view of Simpson's apparent removal of the product that infringes the '626 Patent from

21  the market, and in an effort to alleviate any concerns regarding overlap between this action and the

22  '626 Patent PGRs pending before the PTAB, Plaintiffs seek to amend their complaint to withdraw

23  Count II asserting the '626 Patent.  Although Plaintiffs do not believe the rules require them to

24  include every accused product in the Complaint, to alleviate Simpson's stated concerns and

25  objections, the proposed Amended Complaint also adds explicit reference to the DGT series.

26  _____

27  [2] Simpson filed its Appellant's Principal Brief on October 16, 2023, confirming that its arguments on appeal with
    respect to the Asserted Claims of the '867 Patent are limited to the indefiniteness challenges that PTAB found
    unpersuasive and a supposed Administrative Procedure Act violation. *See* **Exhibit 1** to the Declaration of Scott

28  Eidson in Support of Plaintiffs' Motion to Amend Complaint, filed concurrently herewith.

-4-

CORE/3512456.2441/184962456.1

1    Simpson has already consented to such an amendment. ECF 50 at 5.

2    **II.    LEGAL STANDARD**

3           A request to amend a pleading after the scheduling order deadline passes implicates both

4    Rule 16 and Rule 15.[3]   Rule 16(b) governs the issuance and modification of pretrial scheduling

5    orders, and Rule 15(a) governs amendment of pleadings. Fed. R. Civ. P. 16(b) and 15(a). Thus, a

6    party seeking to amend a pleading after the date specified in the scheduling order must first show

7    good cause for the amendment under Rule 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

8    604, 608 (9th Cir. 1992). If good cause is shown, the party must then establish that the amendment

9    is proper under Rule 15(a). *Id.*

10          The "focus of the [good cause] inquiry is upon the moving party's reasons for seeking

11   modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (noting

12   the primary consideration is the "diligence of the party seeking the extension") (citation omitted).

13   Under Rule 15(a), "[t]he four factors commonly used to determine the proprietary of a motion for

14   leave to amend are bad faith, undue delay, prejudice to the opposing party, and futility of

15   amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (citations

16   omitted). Of these so-called *Foman* factors, prejudice is the weightiest and most important.

17   *Eminence CapitaI, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice,

18   or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule

19   15(a) in favor of granting leave to amend." *Id.* (emphasis in original). "The party opposing

20   amendment bears the burden of showing prejudice." *DCD Programs,* 833 F.2d at 187. Evaluation

21   of the *Foman* factors "should be performed with all inferences in favor of granting the motion."

22   *Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 880 (9th Cir. 1999).

23   **III.   AGRUMENT**

24          **A.     Good cause exists to allow Plaintiffs to amend the Complaint.**

25          "Diligence of the party seeking the extension" is typically the primary consideration in

26

27   ───────────────
     [3] The Ninth Circuit has held that a request to dismiss fewer than all claims against a single defendant is governed by
     Rule 15(a) rather than Rule 41(a)(2). *See e.g.*, *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir.

28   1988).

determining whether good cause exists for a party to amend its pleading after the deadline set in a scheduling order. However, the role of diligence may be less substantial where the amendment seeks to remove a claim, rather than adding or modifying claims. *Wesco Insurance Company v. Smart Industries Corporation*, Case No. 2:16-CV-1206 JCM (EJY), 2022 WL 4110999, at *3 (D. Nev. Sep. 6, 2022) (finding "good cause exists to modify the scheduling order insofar as to allow dismissal of Wesco's negligence-based claims."); *see also,* 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.2 at 231 (3d ed. 2015) ("In general, if the party seeking relief can show that the deadlines cannot reasonably be met despite the party's diligence, relief may be given. Similarly, relief may be granted if the court finds that the movant has not unduly delayed the action and that the opponent will not be prejudiced by the modification.").

Because Plaintiffs' proposed Amended Complaint does not add any claims, granting Plaintiffs' motion will not necessitate any additional changes to the scheduling order. Rather, the Amended Complaint will simplify the proceedings and alleviate any concerns regarding overlap between this action and a PGR proceeding regarding the '626 Patent, assuming the PTAB institutes a trial.

The deadline to seek leave to amend the pleadings under the current pretrial scheduling order was August 28th, 2023. ECF No. 42. Although Simpson first announced the introduction of its DGT series hangers in June 2023, Simpson did not confirm that it was phasing out the DGF series hangers that infringe the '626 Patent until the parties drafted the Joint Case Management Statement only a couple of weeks prior to the motion to leave deadline. ECF No. 36 at 3. Further, Simpson filed its PGR Petitions against the '626 Patent and its Motion to Stay this proceeding on August 17, 2023. ECF Nos. 40, 40-2, 40-3, 40-4. While these filings—totaling over 500 pages of briefing—slightly preceded the deadline to seek leave to amend, they presented significant developments that required time for Plaintiffs to evaluate. Notably, the August 28th deadline to amend the pleadings preceded Plaintiffs' deadline to oppose the Motion to Stay. ECF No. 49. Further, the PTAB did not even verify the PGR Petitions and accord them their filing dates until September 28, 2023. Plaintiffs have acted diligently in seeking to amend their Complaint to withdraw their claim asserting the '626 Patent, as further shown by the Declaration of Scott Eidson

-6-

1    in Support of Plaintiffs' Motion to Amend Complaint, filed concurrently herewith.

2            **B.      Plaintiffs' motion is brought in good faith and will not prejudice Simpson.**

3            None of the *Foman* factors used to determine the propriety of a motion for leave to amend

4    the pleadings counsel against granting Plaintiffs' request. Plaintiffs request to amend its complaint

5    is brought as a good faith attempt to alleviate any concerns regarding overlap between this action

6    and the PGRs filed by Simpson. Plaintiffs' withdrawal of Count II would allow this action to

7    proceed with respect to the '867 Patent without being encumbered by the pending PGR

8    proceedings concerning the '626 Patent. The requested amendment is similar to *Largan Precision*

9    *Co, LTD v. Motorola Mobility LLC*, Case No. 21-cv-09138-JSW, 2023 WL 3510388 (N.D. Cal.

10   May 16, 2023). There, this Court granted a dismissal of patent claims that were subject to pending

11   IPRs without prejudice and found that by doing so, the case had been narrowed such that a stay

12   was no longer warranted.

13           As set forth above, Plaintiffs acted diligently and without undue delay in seeking this

14   amendment. Indeed, Simpson's PGR Petitions were only accorded their filing date on September

15   28, 2023, thus verifying that the petitions met the filing requirements and setting the statutory

16   deadlines for the PTAB to consider them for institution. Following Simpson's PGR filing and

17   Motion to Stay, Plaintiffs acted swiftly to prepare and file this Motion.

18           Simpson will not suffer any prejudice as a result of a withdrawal of Count II. Simpson has

19   chosen to seek invalidity of the '626 Patent in a separate forum and is seeking to stay any further

20   activities—regarding the '626 Patent infringement assertions or otherwise—in this forum pending

21   resolution of its petitions for PGR.[4]  It would be disingenuous to now argue it will be prejudiced

22   by Plaintiffs' voluntary decision to remove the '626 Patent from this action.

23           Simpson contends that the proposed amendment could result in three separate court actions

24   regarding U.S. Pat. No. 10,316,510 (the "'510 Patent"),[5] the '867 Patent, and the '626 Patent.

25   

26   [4] Plaintiffs recognize that Simpson has filed a counterclaim asserting invalidity of the '626 Patent. To the extent that
     Simpson desires to maintain its Second Counterclaim asserting invalidity of the '626 Patent following Plaintiffs'
     withdrawal of Count II, Plaintiffs hereby consent to a limited stay in which only the Second Counterclaim is stayed
27   pending the conclusion of the PGR proceedings.

28   [5] Plaintiffs asserted that Simpson infringes the '510 Patent in *Columbia Insurance Company et al. v. Simpson
     Strong-Tie Company Inc.*, Case No. 3:19-cv-04683-TSH (N.D. Cal.), which has been stayed since October 23, 2019.

-7-

1   Simpson's argument is purely speculative as to whether Plaintiffs will choose to reassert the '626

2   Patent considering that Simpson allegedly is already phasing out the infringing product. Further,

3   there is "no bar to filing a claim of infringement of [a separate patent] as a separate, related action."

4   *See Cardionet, LLC v. Infobionic, Inc.*, Civil Action No. 1:15-cv-11803-IT, 2017 WL 8222366, at

5   *2 (D. Mass. March 3, 2017) (citing *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 1555 (Fed. Cir.

6   1996); *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10 C 715, No. 10 C 716, No. 10 C

7   718, No. 10 C 720, No. 10 C 721, No. 10 C 726, No. 10 C. 882, No. 10 C 883, No. 10 C 884, No.

8   10 C 885, No. 10 C 929, No. 10 C 931, 2011 WL 3157304, at *3-5 (N.D. Ill. July 26, 2011)). In

9   fact, Courts have found such an approach preferable where "[f]iling a separate action will avoid

10  delayed resolution of the claims in [the pending] action." *Id.*

11          Finally, as Plaintiffs seek to withdraw a claim from this litigation in its entirety, rather than

12  modify or add claims to its complaint, the futility factor is inapplicable.

13  **IV.     CONCLUSION**

14          For the foregoing reasons, Plaintiffs respectfully request permission to amend their

15  Complaint to withdraw Count II asserting U.S. Patent No. 11,649,626 without prejudice.

16

17  Dated: October 17, 2023                          Respectfully submitted,

18                                                   By: /s/ Duane H. Mathiowetz

19                                                   Duane H. Mathiowetz (CA# 111831)
                                                     PRACTUS, LLP
20                                                   201 Spear Street, Suite 1100
                                                     San Francisco, CA 94105
21                                                   Phone: 415-501-0350

22                                                   B. Scott Eidson (Pro Hac Vice)
23                                                   John R. Schroeder (Pro Hac Vice)
                                                     Julie C. Scheipeter (Pro Hac Vice)
24                                                   Judith Araujo (Pro Hac Vice)
                                                     Zachary T. Buchheit (Pro Hac Vice)
25                                                   STINSON LLP
                                                     7700 Forsyth Blvd., Suite 1100
26                                                   St. Louis, MO 63105
                                                     Phone: 314-863-0800
27

28

Plaintiffs' Motion To Amend Complaint to Dismiss
Count II Asserting Infringement of the '626 Patent

CORE/3512456.2441/184962456.1