SHARTSIS FRIESE LLP
JOSEPH V. MAUCH (Bar #253693)
jmauch@sflaw.com
DANIEL M. PONIATOWSKI (Bar #306754)
dponiatowski@sflaw.com
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111-3598
Telephone:     (415) 421-6500
Facsimile:      (415) 421-2922

Attorneys for Defendant SIMPSON STRONG-TIE COMPANY INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA INSURANCE, CO., and MiTek INC.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>SIMPSON STRONG-TIE COMPANY INC.,<br><br>　　　　　　　Defendant. | Case No. 5:23-cv-02432-PCP<br><br>**DEFENDANT AND COUNTER-CLAIMANT SIMPSON STRONG-TIE COMPANY INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT**<br><br>Date:　　February 8, 2024<br>Time:　　10:00 a.m.<br>Dept.:　　Courtroom 8, 4th Floor<br>Judge:　　Hon. P. Casey Pitts |
| AND RELATED COUNTERCLAIMS | |

Defendant and Counter-Claimant Simpson Strong-Tie Company Inc. ("Simpson") hereby submits its Opposition to Plaintiffs Columbia Insurance, Co. ("Columbia"), and MiTek Inc.'s ("Mitek") (collectively, "Plaintiffs") Motion to Amend Complaint to Dismiss Count II Asserting Infringement of U.S. Patent No. 11,649,626 ("Motion to Amend") in the above-captioned case (the "Action").

## I. INTRODUCTION

At first blush, Plaintiffs' Motion to Amend to eliminate their infringement claim as to U.S. Patent No. 11,649,626 (the "'626 Patent"), one of their two asserted claims, might seem like an attempt to simplify and streamline this case and the Plaintiffs' claims against Simpson. A closer look at Plaintiffs' conduct reveals that is simply not the case. To the contrary, Plaintiffs have apparently purposefully delayed bringing this Motion to Amend as a tactical decision that, if allowed, will likely result in duplicative litigation and a waste of judicial and party resources.

Plaintiffs brought the instant case against Simpson, their direct competitor in the construction products industry, alleging that Simpson's line of fire wall hangers infringes both their U.S. Patent No. 11,021,867 (the "'867 Patent") and '626 Patent. Simpson made Plaintiffs aware within two weeks of the filing of the Complaint that it would be filing a Petition for Post Grant Review of the '626 Patent with the Patent Trial and Appeal Board of the United States Patent and Trademark Office, and would be seeking a stay of this case. Plaintiffs did not amend their Complaint then or make any attempt to do so for several months. Plaintiffs then stipulated to a deadline to amend, which was entered in a final scheduling order, and let it pass. It was only in briefing and argument in Simpson's Motion to Stay the case that Plaintiffs raised the notion that they might want to drop their '626 Patent infringement claim. Then, the day after the hearing, Plaintiffs informed Simpson that they planned to do just that. By the time Plaintiffs brought this Motion to Amend, it was months after they had been made aware of Simpson's intentions and well after the deadline to amend, and by the time it is heard, significant work on Infringement Contentions, Invalidity Contentions, and Claim Construction in this case will be complete.

Plaintiffs delayed in filing this Motion to Amend until after the hearing on Simpson's Motion to Stay. Plaintiffs chose to pursue their claims for infringement of both the '867 Patent and

'626 Patent together because the claims are closely related and arise out of the same set of operative facts. It was only after recognizing that their case should almost certainly be stayed with respect to the '626 Patent that they quickly changed course in an attempt to avoid the stay.

Although Plaintiffs admit they must satisfy the standards of both Rule 16 and Rule 15 of the Federal Rules of Civil Procedure to be granted leave to amend (*See* Motion to Amend at 5:3-9), they can do neither. Their lack of diligence in seeking amendment means that they cannot show "good cause" for amendment of the scheduling order under Rule 16(b), and it also constitutes strong evidence of bad faith and undue delay, disqualifying Plaintiffs from amendment of their pleading under Rule 15.

Simpson would also be prejudiced by the amendment Plaintiffs seek. There is currently a lawsuit pending between Plaintiffs and Simpson as to the same or similar products allegedly infringing Plaintiffs' U.S. Patent No. 10,316,510 (the "'510 Patent"), which is the parent of the '867 Patent and the grandparent of the '626 Patent. If Plaintiffs are allowed to amend to eliminate their '626 Patent claims now, that claim will certainly reappear in the future in a separate suit. These three separate suits regarding three very closely related patents covering the same invention and with the same specification would drain party and court resources and have a high likelihood of generating inconsistent results. Given the time and effort expended on this case to date, and the significant work that will be completed by the time of the hearing on this Motion to Amend in February 2024, Plaintiffs' Motion should be denied and, if this case is not stayed, it should go forward with both the '867 Patent and '626 Patent claims.

## II.   STATEMENT OF FACTS

### A.   The Parties, Patents, and Products at Issue

Plaintiff Columbia is the owner of the '510 Patent, the '867 Patent, and the '626 Patent. Declaration of Joseph V. Mauch in support of Opp. to Motion to Amend ("Mauch Decl.") ¶ 2. Plaintiff MiTek is the exclusive licensee of the '510, '867, and '626 Patents. *Id.* The '510, '867, and '626 Patents pertain to hangers that are used for connecting structural components (e.g., trusses, joists, or beams) to walls, and more particularly to fire-separation walls. *Id.* These three patents form a direct lineage—the '510 Patent is the parent of the '867 Patent and the grandparent

- 2 -

of the '626 Patent. *Id.*

Simpson and MiTek are direct competitors. *Id.* ¶ 3. Both companies design, manufacture, market, and sell structural connectors, including fire wall hangers, for the construction industry. *Id.* The inventions claimed in the '510, '867, and '626 Patents are embodied in MiTek's FWH Series Firewall Hanger (the "FWH Hangers"). *Id.* Prior to the commencement of the Action, Simpson manufactured and sold two series of fire wall hangers: the DGF series and the DHU series. *Id.* The DGF series includes three different models—DGF, DGHF, and DGBF, as well as skewed and offset versions of these models (collectively the "DGF Series Hangers")—which directly compete against MiTek's FWH Hanger. *Id.*

### B. The Beginnings of this Litigation

Litigation among the Parties regarding these products and patents began in August 2019, when Plaintiffs filed a complaint in this Court asserting that Simpson's DGF Series Hangers infringe certain claims of the '510 Patent. *See Columbia Ins. Co. and MiTek, Inc. v. Simpson Strong-Tie Co. Inc.*, No. 3-19-cv-04683 (N.D. Cal. Aug. 12, 2019); Mauch Decl. ¶ 4. Simpson subsequently filed a Petition for Post Grant Review ("PGR") of the '510 Patent with the Patent Trial and Appeal Board (the "PTAB") of the United States Patent and Trademark Office (the "USPTO"), and the case was stayed by stipulation of the Parties and Order of the Court on October 23, 2019. Mauch Decl. ¶ 4. In its Final Written Decision, the PTAB found claims 1–20 were unpatentable but found one substitute claim patentable. *Id.* Appeals of the PGR have been exhausted and a PGR Certificate incorporating the substitute claim is anticipated to issue in due course in the coming weeks. *Id.*

On June 1, 2021, the USPTO issued the '867 Patent. *Id.* ¶ 5. On August 13, 2021, Simpson filed a Petition for PGR of the '867 Patent (PGR2021-00109). *Id.* A Final Written Decision was issued in PGR2021-00109 on March 15, 2023 (the "'867 Decision"), in which the PTAB found that (1) eighteen of the twenty-three original claims of the '867 Patent were unpatentable and (2) Simpson failed to demonstrate that claims 13, 14, 18, 19, and 20 of the '867 Patent were unpatentable. *Id.* Simpson is actively appealing the '867 Decision to the Federal Circuit Court of Appeals. *Id.*

### C. The Instant Action Commences

On May 17, 2023, Plaintiffs initiated the Action by filing a Complaint against Simpson alleging that Simpson's DGF, DGHF, and DGBF Fire Wall Hangers (the "Accused Products") infringe certain claims (the "Asserted Claims") of the '867 Patent and the '626 Patent. ECF No. 1.

On May 31, 2023, Simpson's counsel wrote to Plaintiffs' counsel informing him that Simpson planned to file a petition for PGR of all claims of the '626 Patent with the PTAB, and offering to stipulate to allowing the '510 Patent litigation to go forward once the Certificate issues if Plaintiffs stipulated to a stay of the new case pending completion of PTAB proceedings and appeals for both the '867 Patent and the '626 Patent. Mauch Decl. ¶ 6 & Ex. A at 3-5. On July 11, 2023, counsel for Plaintiffs' finally denied Simpson's proposal. *Id.* Ex. A at 1. Simpson's counsel responded by email on the same day that "We will be considering our options now that we have your response, but I anticipate we will be seeking a stay [of the Action]." *Id.*

On June 15, 2023, Simpson began manufacturing and selling a new series of fire wall hangers, the "DGT Series Hangers." ECF No. 39 (Wert Declaration in Support of Motion to Stay) ¶ 18. On the same day, Simpson stopped marketing the DGF Series Hangers on the Simpson website. Mauch Decl. ¶ 7. Simpson is currently in the process of phasing out sales of the DGF Series Hangers, but continues to believe that the DGF Series Hangers do not infringe any valid claim of the '510 Patent, '867 Patent, '626 Patent, or any other patent owned by Plaintiffs. ECF No. 39 ¶ 18. Plaintiffs were aware of the DGT Series Hangers shortly after they were released. On June 25, 2023, Plaintiffs' counsel sent an email to Simpson's counsel regarding the new DGT products. Mauch Decl. ¶ 7 & Ex. B.

On July 7, 2023, Simpson filed its Answer, Affirmative Defenses, and Counterclaim to Complaint for Patent Infringement, asserting certain defenses and counterclaims for declaratory judgment that the '867 Patent and '626 Patent are invalid. ECF No. 23. On August 10, 2023, after Plaintiffs filed a Motion to Dismiss Simpson's Counterclaims and to Strike Simpson's First, Third, Fourth, Fifth, Sixth, Ninth, and Tenth Affirmative Defenses, Simpson filed its First Amended Answer, Affirmative Defenses, and Counterclaim to Complaint for Patent Infringement, amending certain defenses and counterclaims. See ECF Nos. 29, 34.

### D. The Stipulated Scheduling Order and Subsequent Events

In early August 2023, counsel for the Parties began to meet and confer to draft a joint case management statement for submission to the Court ahead of the scheduled Case Management Conference. Mauch Decl. ¶ 8. In the course of that conferral process, on August 6, 2023, counsel for Simpson informed counsel for Plaintiffs that, as previously communicated, Simpson was finalizing and intending to file promptly a Petition for PGR of the '626 Patent with the USPTO, as well as a motion to stay the Action pending final resolution, through appeal, of the PGR of both the '867 Patent and the '626 Patent. *Id.* Also in the course of that conferral process, on August 11, 2023, counsel for Simpson informed Plaintiffs that Simpson was in the process of phasing out sales of the DGF Series Hangers, but that Simpson reserved the right to continue to sell the DGF Series Hangers moving forward. *Id.*

On August 14, 2023, the Parties filed their Joint Case Management Statement and [Proposed] Order. ECF No. 36. In that document, the Parties stipulated to a deadline of August 28, 2023, for Plaintiffs to amend their Complaint. *Id.* at 12. On August 17, 2023, the Court entered the Pretrial Scheduling Order, which set August 28, 2023, as the "[l]ast date to seek leave to add any new parties or pleading amendments." ECF No. 42 at 1.

As Simpson had forecasted to Plaintiffs months prior and recently confirmed, on August 17, 2023, Simpson filed three Petitions for PGR collectively challenging all of the claims of the '626 Patent (PGR2023-00047, PGR2023-00048, and PGR2023-00049) and its Motion to Stay the Action pending final resolution, through appeal, of the PGR of both the '867 Patent and the '626 Patent. Mauch Decl. ¶ 9; ECF Nos. 37-41. Simpson noticed a hearing date of October 3, 2023, for the Motion to Stay. ECF No. 37.

August 28, 2023 came and went. Plaintiffs did not elect to amend their Complaint, nor did Plaintiffs seek agreement from Simpson to request an extension of the deadline to amend their Complaint with the Court. Mauch Decl. ¶ 10.

Pursuant to the Pretrial Scheduling Order, on September 5, 2023, Plaintiffs served their Invalidity Contentions in which they asserted infringement of claims 13–14 and 18–20 of the '867 Patent (*i.e.*, five total claims), and claims 1–4, 6–7, 9–30, 32–37, 39–56, 58–59, 61–66, 68–82,

- 5 -

84–90, and 92–105 of the '626 Patent (*i.e.*, 96 total claims). *Id.* ¶ 11.

On September 7, 2023, Plaintiffs filed their Opposition to Simpson's Motion to Stay. ECF No. 49. Plaintiffs argued that the Action should not be stayed but noted in a footnote that "[t]o the extent that it would alleviate concerns of overlapping activity between the present litigation and the PGRs, Plaintiffs would entertain voluntarily dismissing the '626 Patent without prejudice from this lawsuit." *Id*. at 1 n.2.

### E.   The Hearing on the Motion to Stay and the Filing of Plaintiffs' Motion to Amend

The hearing for the Motion to Stay took place on October 3, 2023. ECF No. 53. The Court took the motion under submission. *Id.* The following day, Wednesday, October 4, 2023, Plaintiffs' counsel emailed Simpson's counsel stating that Plaintiffs intended to file a motion to dismiss, without prejudice, the '626 Patent claims that week, and inquiring as to whether Simpson would oppose the motion. Mauch Decl. ¶ 12. On October 6, 2023, counsel for Simpson responded that Simpson would not agree to amendment, and intended to oppose any motion for leave to amend, on the grounds that Plaintiffs were apparently only seeking amendment now—after the Motion for Stay had been fully briefed and heard, but prior to a decision from the Court on the motion—in an attempt to strengthen their position against a stay, and that Simpson would suffer significant prejudice from the repetitious litigation as to closely related patents covering the same invention with the same specification that would result from Plaintiffs' dismissal of the '626 Patent claim. *Id.* After further meet and confer efforts, Plaintiffs ultimately filed their Motion to Amend on October 17, 2023. ECF No. 54.

Following the Motion to Stay hearing, Simpson began working diligently on its Invalidity Contentions, a significant undertaking given Plaintiffs' position in its Infringement Contentions that Simpson's products infringe 96 claims of the '626 Patent. Mauch Decl. ¶ 13. Pursuant to the Pretrial Scheduling Order, Simpson served its Invalidity Contentions on Plaintiffs on October 20, 2023, which totaled approximately 460 pages, approximately 360 of which were focused on the '626 Patent. *Id.* Should a stay not be issued, claim construction requiring significant time and resources from both Parties will commence in November and continue for several months,

- 6 -

culminating in the Claim Construction Hearing scheduled for March 15, 2024. ECF No. 42.

## III. ARGUMENT

As Plaintiffs acknowledge, their request to amend their Complaint at this stage of the case—after the August 28, 2023 deadline for amendment set forth in the Pretrial Scheduling Order has passed—requires that they first satisfy the requirements for modification of a scheduling order set forth in Federal Rule of Civil Procedure 16(b), and then that they satisfy the requirements for amendment of a pleading set forth in Federal Rule of Civil Procedure 15. Motion to Amend at 5:3-9; *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992). Plaintiffs fail to meet the requirements of both Rules.

### A. Plaintiffs Were Not Diligent In Seeking Amendment And So Do Not Have "Good Cause" For Modification Of A Scheduling Order Under Rule 16(b)

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).[1] "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Specifically, "the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (internal citations omitted).

> [C]entering the good cause analysis on the moving party's diligence prevents parties from profiting from carelessness, unreasonability, or gamesmanship, while also not punishing parties for circumstances outside their control. Accordingly, if a party fails to heed repeated signals, waits until the eleventh hour for tactical reasons, or otherwise acts carelessly or in bad faith, courts are unlikely to vary the applicable schedule.

*In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. MDL No. 1917, 2014 U.S. Dist. LEXIS 141795 at *98–99 (N.D. Cal. Oct. 1, 2014) (internal quotations and citations omitted).

Plaintiffs argue that they acted diligently in seeking to amend their Complaint to eliminate their claim for infringement of the '626 Patent. *See* Motion to Amend at 6:16-7:1. Specifically,

---

[1] The predicate step to modification of a scheduling order is that a Party must first make a motion for its modification. Plaintiffs have not done so here. Their Motion to Amend seeks amendment of their *Complaint*, not the Pretrial Scheduling Order. *See* Motion to Amend at 2:4-6, 3:2-5. Ninth Circuit precedent provides that courts do not consider a motion to amend a pleading as a motion to amend the scheduling order. *See Johnson*, 975 F.2d at 608–09. Plaintiffs' Motion to Amend should be denied on this basis alone.

- 7 -

| Case No. 5:23-cv-02432-PCP | SIMPSON'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT |

1  Plaintiffs suggest that Simpson informing Plaintiffs of Simpson's plan to phase out the DGF Series
2  Hangers in favor of the DGT Series Hangers on August 11 and filing the Petition for PGR of the
3  '626 Patent and Motion to Stay the Action on August 17 left Plaintiffs with insufficient time to
4  decide if they wanted to amend their Complaint before the August 28th deadline set forth in the
5  Pretrial Scheduling Order. *Id.* These arguments lack credibility and are belied by the facts.

6  Simpson introduced their DGT Series Hangers to the market as Simpson's next generation
7  Fire Wall Hanger series in June 2023. Mauch Decl. ¶ 7. Plaintiffs were clearly aware of this within
8  days of it occurring, since Plaintiffs' counsel sent an email regarding the DGT Series Hangers on
9  June 25, 2023. *Id.* Ex. B. That Simpson made Plaintiffs explicitly aware of its plans to phase out
10 the older DGF Series Hangers over time in favor of the newer DGT Series Hangers is not
11 particularly revelatory and could not have been surprising to Plaintiffs, given that they had months
12 to study the DGT Series Hangers and Simpson had ceased marketing the DGF Series Hangers on
13 the Simpson website. Nevertheless, Simpson still explicitly informed Plaintiffs of the plan to phase
14 out the DGF Series Hangers on August 11, 2023, which is 17 days before the August 28th deadline
15 to amend. *Id.* ¶ 8.

16 Plaintiffs had even more time to consider Simpson's Petition for PGR of the '626 Patent
17 and Motion to Stay. Simpson informed Plaintiffs on May 31, 2023 that they would be filing the
18 petition challenging all claims of the '626 Patent, and the parties had ongoing communications
19 over the next few months regarding Simpson's requested stipulation to stay the Action. *Id.* Ex. A
20 at 3. After Plaintiffs finally declined that stipulation on July 11, 2023, Simpson also informed
21 Plaintiffs the same day that it likely would be seeking a stay of the Action upon filing the Petition
22 for PGR. Simpson again confirmed with Plaintiffs on August 6, 2023 that they would promptly be
23 filing a Petition for PGR of the '626 Patent and that they were planning to file a motion to stay the
24 Action pending final resolution, through appeal, of the PGR of both the '867 Patent and the '626
25 Patent. Thus, when Simpson finally filed its Petition for PGR of the '626 Patent and its Motion to
26 Stay on August 17, 2023, Plaintiffs had known these filings were coming for months, and still had
27 roughly a week and a half to determine if they wanted to amend their Complaint prior to the August
28 28 deadline.

- 8 -

Case No.
5:23-cv-02432-PCP

SIMPSON'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT

Plaintiffs rely on the declaration of their counsel Scott Eidson as support for their purported diligence in seeking amendment. *See* Motion to Amend at 6:27-7:1. But Mr. Eidson's declaration begins with the October 3, 2023 Motion to Stay hearing, and is noticeably silent on his or his clients' knowledge of, and participation in, the events leading up that hearing. *See generally* ECF No. 54-3 (Declaration of Scott Eidson in Support of Plaintiffs' Motion to Amend). In particular, Mr. Eidson does not deny that he and his clients knew about Simpson's planned Petition for PGR of the '626 Patent and Motion to Stay for months before they were actually filed, or deny that he and the five other attorneys on his legal team, as well as his clients, had sufficient time to determine whether they wanted to amend their Complaint to drop the claim for infringement of the '626 Patent *before* the hearing on the Motion to Stay on October 3, 2023. Nor does the declaration acknowledge that Plaintiffs had floated the idea of dismissing Count II nearly six weeks earlier in their Opposition to the Motion to Stay. Instead, Mr. Eidson's declaration demonstrates the opposite of diligence—that he "apprised the Court" during oral argument on the Motion to Stay that "Plaintiffs would consider dismissing Count II of their Complaint," and that Plaintiffs only actually decided to seek amendment of the Complaint to dismiss the claim for infringement of the '626 Patent *the day after* the hearing, on October 4, 2023. *Id.* ¶¶ 3–4. Mr. Eidson then informed Simpson's counsel that Plaintiffs would file a motion to amend within 48 hours, and inquired as to whether Simpson would oppose such a motion.[2] Mauch Decl. ¶ 12.

Plaintiffs' conduct falls well short of meeting the "good cause" standard of Rule 16(b)(4). In sum, despite knowing about Simpson's plans for months *before* the deadline to amend, Plaintiffs made a tactical decision and waited until over a month *past* the deadline to amend to see how the Motion to Stay hearing went for them. *See CRT*, 2014 U.S. Dist. LEXIS 141795, at *98–99 (("if a party fails to heed repeated signals, waits until the eleventh hour for tactical reasons, or otherwise acts carelessly or in bad faith, courts are unlikely to vary the applicable schedule") (internal quotations and citations omitted)). Because Plaintiffs cannot show diligence, "the inquiry should end" (*Johnson*, 975 F.2d at 609) and Plaintiffs' Motion should be denied pursuant to Rule 16(b)(4).

---

[2] Plaintiffs ultimately did not file their Motion to Amend until October 17, 2023.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

**B.     Plaintiffs' Conduct Amounts To Bad Faith And Undue Delay, And Prejudices Simpson, Contravening Rule 15's Standards For Amendment Of Pleadings**

Even assuming, *arguendo*, that Plaintiffs' Motion to Amend survives scrutiny under Rule 16, the Motion fails under Rule 15. According to that rule, other than in circumstances not present here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "A district court determines the propriety of a motion [for leave] to amend [under Rule 15] by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Leave to amend a pleading is properly denied where there is a showing of prejudice to the party opposing amendment or a strong showing of bad faith, undue delay, and/or futility of amendment. *See Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, there is strong evidence of bad faith and undue delay in Plaintiffs seeking to amend their Complaint to drop their '626 Patent infringement claim now. As described above, Plaintiffs knew of Simpson's plan to file the Petition for PGR of the '626 Patent and Motion to Stay, and surely surmised that Simpson's new DGT Series Hangers would supplant Simpson's older DGT Series Hangers, months before the deadline to amend on August 28, 2023. The deadline came and went without so much as a request from Plaintiffs to seek an extension of time to amend, let alone an amendment of their Complaint. With well over a month left before the hearing on Simpson's Motion to Stay, Plaintiffs could have approached Simpson about the possibility of stipulating to amend their Complaint to eliminate the '626 Patent infringement claim. Instead, on September 5th, Plaintiffs proceeded to serve their Infringement Contentions on Simpson, which totaled **900 pages**, the large majority of which (i.e., **over 700 pages**) dealt with Simpson's alleged infringement of **96 claims of the '626 Patent**. It was only in Plaintiffs' opposition brief to Simpson's Motion to Stay— in an obvious hedge against losing on that Motion—that Plaintiffs gave any clue that they may seek amendment, stating in a footnote: "To the extent that it would alleviate concerns of overlapping activity between the present litigation and the PGRs, Plaintiffs would entertain voluntarily dismissing the '626 Patent without prejudice from this lawsuit." ECF No. 49 at 1 n.2.

There was no further mention of amendment of the Complaint until the October 3, 2023 hearing on the Motion to Stay, where, seemingly sensing that Plaintiffs' chances of prevailing on the Motion to Stay were dwindling, Plaintiffs' counsel made a tactical decision to offer to dismiss the claims based on the '626 Patent. The next day, Plaintiffs' counsel informed Simpson that they would be seeking to amend the Complaint to drop the '626 Patent infringement claim in short order.

Plaintiffs state in their Motion to Amend that the proposed amendment is merely an "attempt to alleviate any concerns regarding overlap between this action and the PGRs" and to "allow this action to proceed with respect to the '867 Patent without being encumbered by the pending PGR proceeding concerning the '626 Patent." Motion to Amend at 7:4-8. Critically, Plaintiffs have offered no explanation for *why* they need to dismiss the '626 Patent infringement claim *now*. The only apparent explanation, which is supported by Plaintiffs' professed 48-hour rush to file after notifying Simpson of the proposed dismissal, is that Plaintiffs believe they can better their chances of the Court denying Simpson's Motion to Stay, which has been briefed, argued, and submitted on the basis of both the '867 *and* '626 Patents being in the case. This is classic gamesmanship.[3]

By the time Plaintiffs filed their Motion to Amend on October 17, 2023, Simpson had already expended significant time, effort, and attorneys' fees on its Invalidity Contentions in response to Plaintiffs' Infringement Contentions, in large part due to the 96 claims of the '626 Patent for which Plaintiffs' are asserting infringement. Plaintiffs submitted their Invalidity Contentions by the deadline of October 20, 2023. Approximately 360 of the approximately 460 total pages in that document addressed the claims of the '626 Patent. Pursuant to the Pretrial Scheduling Order, absent a stay, claim construction will commence in early November, including the exchange of preliminary claim constructions and extrinsic evidence pursuant to Patent Local

---

[3] Plaintiff cites to *Largan Precision Co., Ltd. v. Motorola Mobility LLC*, No. 21-cv-09138-JSW, 2023 U.S. Dist. LEXIS 85764 (N.D. Cal. May 16, 2023), in their Motion to Amend, but that case is not applicable. Motion to Amend at 7:8-12. That case dealt with a motion to lift a stay and did not consider the standards required to amend a complaint under Rules 15 and 16. *Largan*, 2023 U.S. Dist. LEXIS 85764, at *1.

1  Rule 4-2 due on November 27, 2023, three days before the November 30, 2023 hearing date
2  Plaintiffs scheduled for this Motion to Amend.[4] More deadlines follow over the next several
3  months, culminating in the Claim Construction Hearing scheduled for March 15, 2024.

4        Simpson would be prejudiced by Plaintiffs' proposed amendment. Among other things,
5  dismissal without prejudice of the '626 Patent infringement claim would result in three separate
6  court actions regarding the '510 Patent, '867 Patent, and '626 Patent. Not only would this result in
7  a completely unnecessary waste of court and judicial resources, but three separate claim
8  construction hearings and three separate trials, including as to Simpson's pending Counterclaims
9  for Invalidity of these patents, regarding three very closely related patents covering the same
10 invention and with the same specification. There is a high likelihood that these separate
11 proceedings would generate inconsistent results. Given this and the time and effort already
12 expended in these proceedings, including the time and money spent on Claim Construction by the
13 hearing date of this Motion to Amend, Simpson would suffer prejudice if Plaintiffs were allowed
14 to amend their Complaint to eliminate the '626 Patent infringement claim now *without prejudice*,
15 as they seek to do. Plaintiffs argue in their Motion that it is "purely speculative" that Plaintiffs will
16 reassert infringement of the '626 Patent in a separate action (Motion to Amend at 8:1-2), but given
17 Plaintiffs' conduct to date, including its drafting of over 700 pages of Infringement Contentions as
18 to infringement of the '626 Patent, such an assumption is far from speculative. Plaintiffs' have
19 asserted infringement of the '626 Patent based on Simpson's past marketing and sales of its DGF
20 Series Hangers, and even if Simpson fully and permanently phases out the DGF Series Hangers in
21 favor of the DGT Series Hangers, which Simpson has not said it will do,[5] Plaintiffs can (and likely

---

[4] By notice of the Clerk dated October 26, 2023 (ECF No. 59), the Motion to Amend hearing date was rescheduled *sua sponte* to February 8, 2023. Should the Motion to Amend be heard on that date, Claim Construction will be even further along and approaching completion.

[5] Simpson has reserved the right to continue to sell the DGF Series Hangers in the future.

- 12 -

| Case No. 5:23-cv-02432-PCP | SIMPSON'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT |

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

would) still reassert their existing claims against Simpson.[6]

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend to remove their '626 Patent infringement claim without prejudice should be denied, and if this case is not stayed, it should move forward with both the '867 Patent and '626 Patent claims. Simpson does not oppose, although reserves the right to challenge if filed, Plaintiffs' proposed amendment to add the DGT Series Hangers as purportedly infringing products.

Dated:  October 31, 2023          SHARTSIS FRIESE LLP

By:   /s/ Joseph V. Mauch
      JOSEPH V. MAUCH

Attorneys for Defendant SIMPSON STRONG-TIE COMPANY INC.

10082807

---

[6] Plaintiffs cites authority for the proposition that they could attempt to bring the '626 Patent infringement claim in a "separate, related action," and that courts apparently favor this "where filing a separate action will avoid delayed resolution of the claims in the pending action." Motion to Amend at 8:2-10. But here, if Plaintiffs are permitted to strip out the '626 Patent infringement claim only to bring it later as a separate action, that would in fact *delay* resolution of the pending action, of which the '626 Patent infringement claims are already a part.