UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SIMPSON STRONG-TIE COMPANY INC., <br><br> Defendant. | Case No. 23-cv-02432-PCP <br><br> **ORDER DENYING MOTION TO AMEND COMPLAINT AND GRANTING MOTION TO STAY CASE** <br><br> Dkt. Nos. 37, 54 |

Plaintiffs Columbia Insurance Company and MiTek Inc. assert that defendant Simpson Strong-Tie Company infringed Columbia's U.S. Patents Nos. 11,021,867 ('867 patent) and 11,649,626 ('626 patent) in violation of 35 U.S.C. § 271(a). The '867 and '626 patents pertain to hangers used for connecting structural components like beams or joists to fire separation walls. MiTek is the exclusive licensee of Columbia's patents and has developed and commercialized products protected by the patents. Simpson now moves to stay these proceedings pending both a Federal Circuit decision on the validity of the '867 patent and a post-grant review (PGR) institution decision by the Patent Trial and Appeal Board (PTAB) regarding the '626 patent. Columbia separately moves for leave to amend its complaint to remove its claims involving infringement of the '626 patent. For the reasons that follow, the Court denies Columbia's motion to amend its complaint and grants Simpson's motion to stay the current proceedings.

## BACKGROUND

MiTek and Simpson are direct competitors whose product offerings include structural connectors for buildings. Both companies currently offer modern firewall hangers that connect structural components like beams or joists to fire separation walls. Before the advent of these modern hangers, fire-proof sheathing was typically mounted on fire separation walls prior to the

installation of hangers. MiTek's firewall hangers improve upon traditional hangers by allowing for installation before fire-proof sheathing is mounted on the walls. This innovation is protected by Columbia's '867 and '626 patents, of which MiTek is the exclusive licensee. MiTek alleges that Simpson's similar products—the DGF/DGHF/DGBF hangers that are adapted to allow mounting of fire-proof sheathing on the walls after hanger installation—infringe Columbia's '867 and '626 patents. In its proposed amended complaint, MiTek also alleges that Simpson's new generation DGT/DGHT hangers infringe Columbia's '867 patent.

Columbia's '626 patent is a continuation of the application that resulted in the '867 patent. And the '867 patent is continuation of the application that resulted in Columbia's U.S. Patent No. 10,316,510 ('510 patent), which protects similar hanger technology. Columbia and MiTek previously filed a lawsuit in this Court against Simpson alleging infringement of the '510 patent, after which Simpson filed a PGR petition with the PTAB attacking the validity of that patent. Pursuant to a joint request by the parties, that case was stayed by Magistrate Judge Hixson on October 23, 2019 pending resolution of the PGR petition. *Columbia Insurance Company et al. v. Simpson Strong-Tie Company Inc.*, 19-cv-04683 (N.D. Cal.), Dkt. No. 34. After instituting PGR proceedings, the PTAB on March 11, 2021 issued a Final Written Decision invaliding all 20 of the original claims in the '510 patent and finding only one substitute claim to be patentable. The Federal Circuit affirmed the PTAB's decision. *Columbia Insurance Company v. Simpson Strong-Tie Company Inc.*, 2023 WL 2733427 (Fed. Cir. Mar. 31, 2023). As of November 14, 2023, the stay in Judge Hixson's case remains in effect pending resolution of case management issues.

After receiving a letter from Columbia in June 2021 suggesting that Simpson was infringing Columbia's '867 patent, Simpson filed a PGR petition with the PTAB attacking the validity of the '867 patent. The PTAB instituted PGR proceedings and on March 15, 2023 issued a Final Written Decision invalidating 18 of the '867 patent's 23 original claims but finding that Simpson failed to show that five claims were unpatentable. Two of the 18 invalidated claims were found to lack a written description under 35 U.S.C. § 112(a) and to be indefinite under 35 U.S.C. § 112(b), and all 18 invalidated claims were found to be obvious under 35 U.S.C. § 103. Simpson filed an appeal with the Federal Circuit that is currently pending. The parties expect the Federal

Circuit to issue a ruling on the validity of the '867 patent in late 2024 or early 2025.

On August 17, 2023, after the current proceedings were initiated, Simpson filed three separate PGR petitions with the PTAB attacking the validity of the '626 patent for lack of non-obviousness under 35 U.S.C. § 103. The '626 patent has 105 claims. The PTAB has yet to decide whether to institute PGR proceedings but must make this decision within six months of the petition's filing—i.e., by February 2024. If the PTAB institutes PGR proceedings on the '626 patent, it must issue a Final Written Decision within one year of institution—by February 2025 at the latest.

Simpson moves to stay the current proceedings in light of the pending Federal Circuit ruling on the validity of the '867 patent and the PTAB's institution decision regarding the '626 patent.

The hearing on Simpson's motion to stay took place in this Court on October 3, 2023. On October 17, 2023, Columbia moved for leave to amend its complaint. In its proposed amended complaint, Columbia hopes to remove all claims regarding infringement of the '626 patent and to assert that Simpson's new generation DGT/DGHT hangers also infringe the '867 patent.

## STANDARD OF REVIEW

A party may amend its pleading either with consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave when justice so requires." *Id.* Ultimately, however, the "grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Factors that the Court considers are undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, and futility of amendment. *Id.* A party seeking to amend a pleading after a scheduling order deadline must also show good cause for amendment and obtain the Court's consent. Fed. R. Civ. P. 16(b). Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

A district court has the inherent power and discretion to stay judicial proceedings pending reexamination of a patent. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988).

1  Courts consider three factors in deciding whether a case should be stayed pending patent

2  proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether

3  a stay will simplify the issues in question and trial of the case; and (3) whether a stay would

4  unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb*

5  *Techs., LLC v. Apple Inc.*, 69 F.Supp.3d 1022, 1025 (N.D. Cal. 2014). To evaluate prejudice,

6  courts consider four subfactors: (i) the timing of the reexamination request; (ii) the timing of the

7  request for stay; (iii) the status of reexamination proceedings; and (iv) the relationship between the

8  parties. *SAGE Electrochromatics v. View, Inc.*, 2015 WL 66415, at *3 (N.D. Cal. Jan. 5, 2015).

## ANALYSIS

### I. Columbia's Motion for Leave To Amend its Complaint Is Denied.

This Court's prior scheduling order set a July 28, 2023 deadline for amendment of the pleadings, Dkt. No. 42, and Columbia has not identified good cause to be relieved from that deadline. Simpson informed Columbia on July 11, 2023 that it was planning to phase out its DGF series hangers in favor of its new generation DGT series hangers, so Columbia had more than two weeks to move to amend its complaint to add claims regarding the DGT series before the court-established deadline for amendments. Similarly, Simpson filed the PGR petitions attacking the '626 patent on July 17, 2023, so Columbia had nearly two weeks to seek leave to remove the '626 infringement allegations from its complaint before that deadline. Columbia offers no explanation for its failure to seek leave to amend at any point before October 17, 2023.

Additionally, the circumstances suggest that Columbia may be acting in bad faith or at least with a dilatory motive. Instead of moving to amend its pleadings in accordance with the Court's scheduling order, Columbia waited to file its motion until *after* the October 3, 2023 hearing on Simpson's motion to stay—a hearing at which the parties discussed the pending PGR institution decision on the '626 patent extensively. These facts suggest that Columbia may be removing its '626 patent infringement claims solely to bolster its argument that the Court should *not* stay its '867 patent infringement claims.

Finally, Simpson would be unduly prejudiced if Columbia is granted leave to amend its complaint at this time. Columbia served Infringement Contentions on Simpson regarding 96

4

1  claims of the '626 patent (totaling 700 pages) on September 5, 2023. Dkt. No. 60, at 11. And
2  Simpson served its Invalidity Contentions on Columbia regarding the '626 patent (totaling 360
3  pages) on October 20, 2023. *Id.* at 12. Given the time and expense that Simpson has already spent
4  litigating the '626 patent infringement claims, dismissing them now would be prejudicial to
5  Simpson. Further, if this Court were to grant Columbia's motion and dismiss the '626 patent
6  infringement claims without prejudice at this time, Columbia could assert those claims against
7  Simpson later in a separate proceeding. Given the parties' existing lawsuit regarding the '510
8  patent, this would result in three distinct proceedings between the same two parties covering three
9  related patents. Simpson rightly objects to facing the costs and burdens resulting from this
10 unnecessary duplication of litigation.
11    For all of these reasons, the Court denies Columbia's motion for leave to amend its
12 complaint at this time.

## II.  Simpson's Motion To Stay Is Granted.

The three factors a court considers in deciding whether to stay a case in light of pending patent proceedings are: (1) the stage of the present litigation and whether discovery is complete; (2) whether a stay will simplify the issues in question; and (3) whether a stay would unduly prejudice the nonmoving party. *PersonalWeb Techs., LLC*, 69 F.Supp.3d at 1025. The Federal Circuit has made it clear that a district court's decision on whether to grant a stay pending an institution decision by the PTAB is discretionary. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1315–16 (Fed. Cir. 2014) ("[W]hile some district courts ruled on motions to stay before the PTAB granted the petition for post-grant review, others have waited until post-grant review was instituted, and still others denied as premature the motion to stay without prejudice to refiling after institution of post-grant review. We express no opinion on which is the better practice."). Unsurprisingly, then, courts in this District have reached different conclusions as to whether a stay pending PTAB's institution decision is appropriate. *Compare Security People, Inc. v. Ojmar US, LLC*, 2015 WL 3453780, at *3 (N.D. Cal. May 29, 2015) (granting a motion to stay pending a decision by the PTAB on whether to institute IPR), *and Pragmatus AV, LLC v. Facebook, Inc.*, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) ("[I]t is not uncommon for this

court to grant stays pending reexamination prior to the PTO deciding to reexamine the patent."), *with Samsung Electronics Co., Ltd. v. Blaze Mobile, Inc.*, 2022 WL 103552, at *4 (N.D. Cal. Jan. 11, 2022) (denying pre-institution stay), *and DiCon Fiberoptics, Inc. v. Precisely Microtechnology Corp.*, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015) ("[T]he filing of an IPR request does not by itself simplify the issues in a case."). The decision to stay ultimately depends on the particular facts and circumstances of each individual case.

### A. This Litigation Is in its Early Stages.

The first factor—the stage of the present litigation—favors granting a stay. While the pleadings stage is complete, with Simpson having filed an answer and counterclaim to Columbia and MiTek's complaint, the case is in the very early stages of discovery. The first set of interrogatories and document production requests were served only in August 2023, and no trial date has been set. Since discovery has barely begun and is far from being over, the first factor favors staying the current proceedings.

### B. A Stay Will Simplify the Issues in This Case.

Given that the '626 patent here has 105 claims, a stay of these proceedings pending PGR has the potential to greatly simplify the issues in this case. Considering the rate of PGR institution at the PTAB, there is a high likelihood that the PTAB will institute PGR proceedings and change the scope of the issues presented with respect to the '626 patent by invalidating some or all of its claims. Accordingly, the second factor favors granting a stay pending the PTAB's PGR institution decision on the '626 patent.

In contrast to the '626 patent, the PTAB has already issued a Final Written Decision on the validity of the '867 patent, allowing only five of its 23 claims. While the prospect for simplifying patent matters generally wanes after the PTAB has issued a Final Written Decision, *see Scramoge Technology Limited, v. Apple, Inc.*, 2023 WL 5520768, at *2 (N.D. Cal. Aug. 25, 2023), Simpson's request must be considered in the context of the lawsuit as a whole. If the Court were to grant a stay as to the '626 patent but deny a stay as to the '867 patent, this would bifurcate the proceedings in a manner that would be needlessly inefficient and burdensome for both the Court and the parties. Viewing the family of related patents together, granting a stay pending both the

pending PGR institution decision regarding the '626 patent and the Federal Circuit's decision regarding the '867 patent will simplify the issues in this case.

### C. A Stay Will Not Result in Undue Prejudice to MiTek and Columbia.

In evaluating undue prejudice, courts consider: (i) the timing of the reexamination request; (ii) the timing of the request for stay; (iii) the status of reexamination proceedings; and (iv) the relationship between the parties. *SAGE Electrochromatics*, 2015 WL 66415, at *3.

As to the '626 patent, the Court finds that both the timing of the reexamination request and the timing of the request for a stay favor granting a stay. Simpson filed its three PGR petitions on August 17, 2023, well before its nine-month deadline, and filed its request for a stay on the same day. The third subfactor—the status of the reexamination proceedings—appears to disfavor a stay: As the parties both acknowledge, the PTAB is not required to make an institution decision until six months after the filing of the PGR petitions (February 2024) and it may not issue a Final Written Decision until one year after that date (as late as February 2025). But the Court must consider the status of the reexamination proceedings *as a whole*—including the prior proceedings related to the '510 patent. As discussed above, the Federal Circuit affirmed the PTAB's decision invaliding much of the '510 patent but allowing one substitute claim. It is likely that the stay in the litigation regarding that patent will be lifted shortly. As the '510 patent is the precursor to both the '626 and '867 patents, it would be premature to proceed in this case without further clarity on the status of the earlier case.

With regards to the '867 patent, the timing of the reexamination request and the timing of the request for stay both favor granting a stay. Simpson filed its appeal with the Federal Circuit in May 2023, only two months after the PTAB's Final Written Decision on the validity of the '867 patent was issued, and only three months before the pending motion to stay was filed here. While the Federal Circuit may not decide the appeal until late 2024 or early 2025, the analysis concerning the '626 patent equally applies here. Specifically, viewing the status of the patent proceedings as a whole, it would be premature for this case to jump ahead of Judge Hixson's case on the related '510 patent.

Finally, as to the fourth subfactor—the relationship between the parties—Simpson

properly concedes that MiTek is one of its direct competitors, and MiTek argues that prejudice will therefore necessarily result from Simpson's ongoing infringement of Columbia's patents while the stay is in place. But Columbia and MiTek have not explained why they will be unable to recover money damages adequate to remedy that harm should they ultimately succeed in this litigation. The direct competitive relationship between the parties is not on its own enough to outweigh the other factors favoring the granting of the requested stay.

## CONCLUSION

For the reasons discussed above, the Court denies Columbia's motion for leave to amend its complaint and grants Simpson's motion to stay pending both the PTAB's PGR institution decision regarding the '626 patent and the Federal Circuit's decision on the validity of the '867 patent. If the PTAB institutes PGR with respect to the '626 patent, the stay will continue through the resolution of those proceedings or further order of the Court. The denial of Columbia's motion for leave to amend is without prejudice to any motion to amend it might file after the stay of these proceedings is lifted.

**IT IS SO ORDERED.**

Dated: November 21, 2023

P. Casey Pitts
United States District Judge